EL PUEBLO, DEMANDANTE Y APELADO, *v.* GONZÁLEZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao, en causa por conspiración.

No. 1095.—Resuelto en enero 22, 1917.

CONSPIRACIÓN—DESTRUCCIÓN FRAUDULENTA DE BIENES ASEGURADOS—EXAMEN DE LAS PRUEBAS—CONCURSO DE VOLUNTADES.—En este caso se demostró que los acusados, que son padre e hijo, eran dueños de un establecimiento mercantil; que hubo fuego en él, nó debido a un accidente sinó por artificio humano; que se encontró ron o alcohol en el piso, varias latas de gas abiertas, sacos y escobas impregnados de gas, conectados y comunicados; que estuvieron juntos toda la noche, antes y después del fuego sin separarse; que generalmente dormían en el establecimiento, menos la noche del suceso; que no se cocinaba en la casa; que habitualmente comían y comieron esa noche en los altos, donde se hallaron también preparativos de materiales combustibles semejantes a los colocados en la tienda; que la situación financiera de los acusados era precaria; y que estaban sus bienes asegurados por una suma muy crecida; *Se resolvió:* que hubo prueba suficiente de la conspiración para cometer el delito de destrucción fraudulenta de bienes asegurados, habiendo quedado demostrado el concurso de voluntades (*meeting of minds*) y que este

caso es distinto al de *El Pueblo* v. *Cofresí et al.,* 22 D. P. R. 749, donde no existió relación entre los acusados, de la que pudiera inferirse una acción conjunta, ni se demostró que hubiera un interés o agencia común, estando en ese caso la prueba enteramente de acuerdo con el hecho de haber actuado solo el dueño de la tienda sin intervención del dependiente, el otro acusado.

NON-SUIT—SOBRESEIMIENTO—PRUEBA DEL ACUSADO—RENUNCIA.—Cuando después de desestimada una moción de sobreseimiento (*non-suit,*) el acusado presenta su prueba se entiende que renuncia la moción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Un policía que estaba de servicio, en sus recorridas en Caguas, el día 16 de febrero de 1916, a eso de la una de la mañana, notó que salía humo paulatinamente de la planta baja de la casa en que P. González e Hijo tenían su establecimiento. El policía trató de dar la voz de alarma a los que habitaban la casa, pero como nadie contestaba, requirió la ayuda de otras personas, entre ellas policías y bomberos, y se forzó la entrada. Los hombres tuvieron que quedarse a la entrada porque el humo cegaba. Por el sitio donde estaba un rastrillo fué localizado y extinguido el fuego, no habiendo podido entrar hasta entonces los bomberos y la policía. Se encontró ron o alcohol en el piso y varias latas de gas abiertas. El suelo estaba saturado de una substancia inflamable que probablemente era alcohol, y había sacos impregnados de gas por allí cerca, y escobas en igual forma, estando todas estas cosas más o menos comunicadas o conectadas; en una palabra, todo demostraba de un modo claro que había cogido fuego el establecimiento, no debido a un accidente, sino por artificio humano. Plácido y José González, padre e hijo, dueños del establecimiento y socios en el negocio, fueron arrestados y acusados por un delito de conspiración. La conspiración alegada fué la comisión del delito de destrucción fraudulenta de bienes asegurados, pegando fuego a una casa y a las mercancías de un establecimiento. Además de los hechos que hemos referido, hubo prueba directa en el juicio

tendente a demostrar que los acusados generalmente dormían en la casa, aunque no se probó claramente que se encontraban allí en el momento inmediatamente anterior al descubrimiento del fuego, a la una de la mañana. No se cocinaba en la casa, sino que se llevaba la comida a los acusados y comían en los altos. Hubo prueba directa tendente a establecer el hecho de que los acusados habían comido arriba en la noche del fuego, y de que en la habitación donde comieron después del fuego hallaron los investigadores preparativos de materiales combustibles semejantes a los colocados en la tienda. También se encontraron preparativos en las demás partes de la planta alta. Quedó demostrado por la prueba que la situación financiera de los acusados era tirante y por tanto que necesitaban dinero y estaban asegurados por una suma muy crecida, quizás demasiado grande.

Al terminarse la prueba del fiscal, los acusados presentaron una moción de sobreseimiento (*nonsuit*), por el fundamento de que no fué probada la conspiración, sino únicamente que las mercancías habían sido quemadas aparentemente para cobrar el aseguro. Tal vez la prueba fué algo deficiente, puesto que sólo tendía a acreditar que uno u otro, o ambos de los acusados, habían pegado fuego al establecimiento, lo que no constituye toda la certidumbre o prueba circunstancial de la conspiración que la ley exige. Sin embargo, la corte declaró sin lugar la moción y los acusados presentaron entonces su prueba. Hemos resuelto en casos civiles, que cuando un demandado presenta su prueba después de desestimarse la moción de *nonsuit,* dicho demandado renuncia a su moción. *Díaz* v. *Rivera,* 19 D. P. R. 548, y casos citados en el mismo; *Príncipe* v. *American Railroad Co.,* 22 D. P. R. 302. Por iguales razones la regla es de aplicación en casos criminales.

José G. González, el hijo, subió a la silla testifical como testigo de defensa. Su declaración tendía a demostrar que ambos acusados habían comido en la casa la noche del fuego, y que salieron de la casa juntos esa noche a las ocho y media;

que fueron a ver el fuego de Naguabo y sólo volvieron a la una y media de la mañana, cuando encontraron que había fuego en el establecimiento.  Según esta declaración ellos nunca estuvieron separados.

Esto completó la cadena de prueba circunstancial para complicar a ambos acusados.  Trataron los acusados de explicar su situación financiera, negaron su complicidad, pero la corte dictó sentencia contra ellos.  El conflicto en la prueba quedó resuelto por la corte inferior y no solamente no vemos que exista razón para poner en duda su resolución, sino que, como hemos dicho, creemos que hubo prueba suficiente de la conspiración, siendo el verdadero error que ha sido alegado en apelación el no haberse probado la conspiración.

La corte inferior muy bien indica que el concurso de voluntades (*meetings of minds*), raras veces puede ser demostrado directamente.  En este caso quedó probado que existió un verdadero motivo, preparativos que no dejaban lugar a dudas de ninguna clase, así como la oportunidad prácticamente exclusiva que tuvieron los acusados, en unión del hecho de que estuvieron juntos durante todo el tiempo en que pudieron hacerse los preparativos.  Los acusados sugirieron que el fuego pudo ser obra de sus enemigos, pero solamente se limitaron a decir que todos los comerciantes tenían enemigos.  En vista de su presencia en la casa poco tiempo antes de descubrirse el fuego, la corte ni siquiera estaba obligada a creer que los acusados fueron a Naguabo.  Ambos se encontraban juntos en el establecimiento, y siendo socios, e interesados, y cada uno agente y con conocimiento de los actos del otro, no había teoría razonable respecto a los hechos de este caso que fuera incompatible con la culpabilidad de dichos acusados.  En el caso de *El Pueblo* v. *Cofresí*, 22 D. P. R. 749, citado por los apelantes, no existió tal relación entre las partes de donde pudiera inferirse una acción. conjunta, ni se demostró que hubiera un interés o agencia común.  En ese caso la prueba estaba enteramente de acuerdo con el hecho

de haber actuado solo el dueño de la tienda, sin intervención de su dependiente, o sea el otro acusado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.