El Pueblo, Demandante y Apelado, *v.* Quiñones et al., Acusados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en causa por adulteración de leche.

No. 1834.—Resuelto en mayo 29, 1922.

Delito Contra la Salud Pública—Adulteración de Leche.—La ley sobre adulteración de leche hace culpable a toda persona que vendiere leche de vaca estando adulterada y no considera culpable solamente al dueño del puesto donde se venda. En el caso de *El Pueblo* v. *Gautier,* 20 D. P. R., 337, no se declaró que solamente pueda ser castigado el dueño del puesto sino que él es responsable criminalmente aunque la venta se haga por medio de su dependiente. El hecho de que la ley castigue al reincidente además de la pena con la revocación de su licencia no quiere decir que solamente puede ser castigado el que tenga la licencia, sino que si el culpable de vender leche adulterada tiene licencia se le revocará.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Carlos V. Urrutia* y *A. R. de Jesús.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los apelantes Julio Quiñones y Lorenzo Maldonado fueron condenados a sufrir la pena de un mes de cárcel cada uno y alegan ahora como motivos de su recurso que la sentencia, en cuanto a Quiñones, no está sostenida por la prueba y que la pena es excesiva.

Se probó en el juicio, y no se discute ahora, que la leche que fué ocupada a los apelantes estaba adulterada con agua y que la licencia para el puesto de venta de leche está expedida a nombre de Lorenzo Maldonado. Dos testigos del fiscal declararon en el juicio que Julio Quiñones y Lorenzo Maldonado estaban vendiendo la leche que resultó adulterada pero Julio Quiñones negó en su declaración que él estuviera vendiendo la leche aunque admitió que se hallaba en mangas de camisa en el puesto de leche porque vive detrás de él y manifestó que tiene arrendado dicho puesto a Maldonado por cincuenta centavos diarios.

El conflicto de la evidencia en cuanto a si Quiñones estaba vendiendo la leche fué resuelto en su contra por la sentencia condenatoria y en vista de esto alega dicho apelante que, puesto que la licencia para el puesto de leche está extendida a nombre de Maldonado, él no puede ser condenado porque la ley sólo castiga al dueño del puesto donde se vende la leche adulterada.

No estamos conformes con esa alegación porque la ley sobre adulteración de leche hace culpable a toda persona que vendiere leche de vaca adulterada sin declarar que solamente sea culpable el dueño del puesto, y como Julio Quiñones vendía la leche adulterada no se ha cometido error al condenarlo. El caso de *El Pueblo* v. *Gautier*, 20 D. P. R. 327, que Quiñones cita en apoyo de su alegación no es aplicable al presente porque no se declaró en él que solamente puede ser castigado el dueño del puesto sino que éste es responsable criminalmente aunque la venta se haga por me-

dio de su dependiente. El hecho de que la ley castigue al reincidente además de la pena con la revocación de su licencia no quiere decir, como argumenta el apelante, que solamente puede ser castigado el que tenga la licencia, sino que si el culpable de vender leche adulterada tiene licencia se le revocará.

En cuanto a la pena impuesta no la modificaremos porque no se nos ha demostrado que la corte sentenciadora haya cometido un grave abuso de su discreción al determinarla.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.