El Pueblo de Puerto Rico, demandante y apelado, *v.* María Cartagena y Francisco Santini, acusados y apelantes.

No. 3336.—*Visto:* Noviembre 23, 1927. *Resuelto:* Noviembre 30, 1927.

1. Derecho Penal—Juicio—Renuncia *(Waiver)* y Corrección de Irregularidades y Errores—Resoluciones que Van a la Suficiencia de las Pruebas —Resolución Denegando Moción de "Non Suit".—Cuando se desestima moción de *non suit* y el acusado presenta su prueba, éste renuncia tácitamente a dicha moción como tal y debe considerarse toda la prueba.

2. Alimentos *(Food)*—Leche—Leche Adulterada—Responsabilidad Criminal. —Cuando un agente vende leche adulterada, tanto el agente como el principal son individual, y aún conjuntamente, culpables del delito.

3.. Alimentos *(Food)*—Leche—Leche Adulterada—Responsabilidad Criminal —Proceso y Castigo—Evidencia—Conocimiento Judicial—Grado Legal *(Standard)* de la Leche.—En procesos por adulteración de leche, de ser necesario, según la ley, tanto la corte inferior como la de apelación tomarán conocimiento judicial del grado legal fijado por el Departamento de Sanidad.

4. Alimentos *(Food)*—Leche—Leche Adulterada—Responsabilidad Criminal —Apelación—Revisión.—El que la corte inferior no haya tenido ante sí un grado legal *(standard)* para decidir si la leche estaba adulterada no es motivo para atacar la suficiencia de la prueba especialmente cuando la presentada y no objetada demuestra que la leche era inferior al grado legal.

5. Alimentos *(Food)*—Leche—Leche Adulterada—Responsabilidad Criminal —Defensa—Ignorancia de la Adulteración.—La ignorancia de que la leche llevada a, y vendida en un depósito, esté adulterada no exime de responsabilidad criminal al dueño del depósito o a sus agentes.

Sentencia de *Angel Acosta Quintero*, J. (Ponce), condenando a los acusados por delito de adulteración de leche. *Confirmada.*

*Dámaso C. Rivera,* abogado de los apelantes, *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Cuando se presenta una moción de *nonsuit* que es declarada sin lugar y posteriormente el acusado presenta su prueba, por lo menos renuncia técnicamente a dicha moción y debe considerarse toda la prueba, lo que haremos al resolver el tercer señalamiento de error. *El Pueblo* v. *González,* 24 D.P.R. 713; *El Pueblo* v. *Ojeda,* 26 D.P.R. 438.

Cuando un agente vende leche adulterada, tanto el agente como el principal son individualmente, y aún conjuntamente, culpables del delito. Artículos 36 y 47 del Código Penal; *El Pueblo* v. *Quiñones,* 30 D.P.R. 590.

Lo antes dicho resuelve el primero y segundo señalamientos de error. Sin embargo, los apelantes incidentalmente levantan la cuestión de que la corte no tenía ante sí un grado legal *(standard)* suficiente para decidir si la leche estaba adulterada, lo que corresponde más propiamente al tercer señalamiento de error, o sea, que la prueba es insuficiente. La teoría es que la ley de 1913 estableció un grado legal, según admiten los apelantes, pero sostienen que el mismo deraparecío al ser derogada dicha ley. De ser ne--

cesario, según la ley tanto la corte inferior como ésta tomarán conocimiento judicial del grado legal fijado por el Departamento de Sanidad. Además, la prueba presentada en este caso sin objeción alguna y aceptada aún por la defensa, fué que la leche era inferior al grado legal. Bajo las circunstancias no vemos que se haya cometido perjuicio ni error. El caso de *El Pueblo* v. *Velázquez,* 35 D.P. R. 599, es aplicable.

Los apelantes también insisten en que la leche les fué traída adulterada y en efecto que no tenían conocimiento de que había sido adulterada. De acuerdo con la ley es el deber de los vendedores de leche cerciorarse de que no venden leche adulterada. Hemos examinado la prueba y hallamos que es suficiente.

*Debe confirmarse la sentencia apelada.*