EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO SÁNCHEZ, acusado y apelante.

Núm. 8185.—*Sometido:* Junio 11, 1940. *Resuelto:* Junio 12, 1940.

*Joaquín Correa Suárez,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El Fiscal del Distrito de Humacao formuló acusación contra Carmelo Sánchez, porque "el 7 de marzo de 1939, en la municipalidad de Naguabo, dentro del Distrito Judicial de Humacao, P. R., ilegal, voluntaria y maliciosamente, y por conducto de su hijo menor de edad Ernesto Sánchez, ofrecía en venta y vendía para ser destinada al consumo humano como pura, leche de vaca adulterada con agua en un 16%."

Alegó además el fiscal en debida forma la reincidencia del acusado. Éste manifestó que era inocente y celebrado el juicio fué declarado culpable y condenado a pagar quinientos dólares de multa y a sufrir seis meses de cárcel, sin costas. Apeló, y en su alegato señala tres errores cometidos a su juicio por la corte al negar el sobreseimiento y archivo de la acusación, al no tomar en consideración la objeción con respecto a la edad de Ernesto Sánchez y al apreciar la prueba.

Para fundar el primer señalamiento el apelante cita la ley que se señala como infringida, a saber, la núm. 77 de 1925, cuya sección primera lee así:

"Toda persona que adulterare, o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano y toda persona que usare leche adulterada o diluída para fines industriales, cuando se destine a. la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*)..."

Y sostiene que la comisión del acto delictivo debe ser personal, motivo por el cual no alegando la acusación que el apelante hubiera vendido personalmente la leche adulterada; no le imputa un delito de acuerdo con la ley.

No estamos conformes. Desde 1914 en el caso de *El Pueblo* v. *Gautier*, 20 D.P.R. 327, siguiendo lo resuelto en el de *El Pueblo* v. *Barquet*, 19 D.P.R. 792 y la jurisprudencia establecida en los de *People* v. *Roby*, 52 Mich. 577, *Lehman* v. *District of Columbia*, 19 App. D. C. 217, y *State* v. *Burchinal*, 2 Har. 528, se resolvió que "el dueño de un puesto de leche en el cual se vende leche adulterada o diluída, es responsable criminalmente de dicho delito, y nada importa si la venta se hace por él o por medio de su dependiente." La ley entonces vigente era similar a la que rige hoy sobre la materia.

Véanse los casos de *El Pueblo* v. *Quiñones*, 30 D.P.R. 590 y *El Pueblo* v. *Cartagena*, 37 D.P.R. 457, 458, en el que se dijo: "Cuando un agente vende leche adulterada, tanto el

agente como el principal son individualmente, y aun conjuntamente, culpables del delito.''

■ Argumentando el segundo señalamiento de error, dice el apelante que cree ''que el fiscal venía obligado a establecer de manera indubitable la edad de Ernesto Sánchez, a los fines de probar la contención de que el acusado apelante por conducto de su hijo menor de edad, ofrecía en venta leche de vaca adulterada con agua como pura. Si Ernesto Sánchez para la fecha de la comisión del delito que se le imputa al acusado apelante . . , tenía cumplidos sus 16 años, entonces la acusación debía hacerse directamente a Ernesto Sánchez, quien tenía capacidad para ser acusado. . . .

''Estamos considerando un caso que entre los *'misdemeanors'* reviste una inusitada gravedad por lo severa de la pena que la ley determina para los culpables. Se trata de un delito en grado de reincidencia, y por tanto, se hace imperativo que el Pueblo pruebe concluyentemente todos los extremos de la acusación. No puede asumirse, que porque en un anterior delito de adulteración de leche Ernesto Sánchez fuera menor de edad (16 años) y a tal efecto fuera eliminado de la acusación conjunta que se le hiciera con su padre, el acusado apelante, en el momento de sorprendérsele para esta segunda acusación en grado de reincidencia contra Carmelo Sánchez, no tuviese la edad legal para asumir la responsabilidad integral de su delito, si es que lo cometió.''

Nos damos perfecta cuenta de la gravedad de la pena y de que pueden darse casos en que el dueño sea inocente y que la adulteración se realice por su agente para su propio beneficio, pero ello no destruye la regla que dejamos expuesta al resolver el primer señalamiento de error. No era necesario probar la edad del agente. Asumiendo que tuviera más de diez y seis años, para colocarnos en la misma posición en que se sitúa el apelante, entonces lo que hubiera sucedido es que el Fiscal hubiera podido formular también contra él acusación, pero ello no eliminaba la responsabilidad del ape-

lante como dueño de la leche adulterada vendida por medio de su agente. No hubo error.

■■ Tampoco fué cometido el tercero y último de los errores señalados que se refiere, como ya dijimos, a la apreciación de la prueba. La de cargo fué suficiente para demostrar la comisión del delito en grado de reincidencia y la de descargo no destruyó la de cargo ni aportó elemento nuevo alguno que justificara una absolución del acusado. El hecho de encontrarse éste enfermo de una pierna, tratándose de una venta regular de su producto, no lo exime de responsabilidad. Y las preguntas que hizo el juez sentenciador a los testigos y la resolución que dió a la cuestión previa que se le presentara, no sostienen la imputación de prejuicio que le hace el apelante. La pena que el juez impuso al acusado es la mínima que para el delito, cuando se reincide en su comisión, señala la ley.

*Debe, en tal virtud, declararse sin lugar el recurso y confirmarse la sentencia apelada.*