EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL RODRÍGUEZ y LUIS ORTIZ, acusados y apelante el primero.

Núm. 9798.—*Sometido:* Marzo 16, 1943. *Resuelto:* Abril 5, 1943.

*Cruz Ortiz Stella,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Rafael Rodríguez, como dueño, y Luis Ortiz, como empleado, fueron acusados ante la Corte de Distrito de Humacao porque "transportaban para la venta leche de vaca adulterada . . . con el fin de destinarla al consumo humano como pura". Luis Ortiz fué absuelto por ser menor de 16 años de edad y Rodríguez declarado culpable y sentenciado a pagar una multa de veinticinco dólares y de esta sentencia apela y alega que la corte inferior cometió error al declararlo culpable por ser la prueba insuficiente.

Arguye el apelante que si bien esta Corte ha resuelto que un principal es culpable cuando su agente *vende* leche adulterada esta doctrina no es aplicable al caso de autos porque a él se le acusó por "*transportar* para la venta leche adulterada" y que este delito sólo puede cometerlo la persona que realizó la transportación "ya que el transportar una cosa es un acto físico del cual es responsable solamente la persona que lo realiza".

No nos convence el argumento. Un acto físico es el acto de vender leche y ya hemos resuelto en varios casos, citados en el de *Pueblo* v. *Sánchez* 57 D.P.R. 38, que "Cuando un agente vende leche adulterada, tanto el agente como el principal son individualmente, y aún conjuntamente, culpables del delito."

Aún cuando la cuestión no fué discutida en la opinión, en el caso de *El Pueblo* v. *Reyes*, 56 D.P.R. 463 se alegó en la acusación que Arsenio Reyes y Ramón Rivera "transportaban y tenían para la venta, con el fin de dedicarla al consumo humano leche de vaca adulterada con agua" y sólo se probó que Rivera era quien transportaba dicha leche propiedad de Reyes. No se probó ninguna venta específica. Esta corte, al confirmar la sentencia, citó el caso de *El Pueblo* v. *Acosta Padilla,* 56 D.P.R. 138 diciendo: "El delito . . . . queda consumado al transportar, tener y ofrecer en venta, con el fin de dedicarla al consumo humano, leche adulterada. La realización de una venta no es un elemento esencial del delito. Basta que el acusado transporte la leche adulterada y que la ofrezca en venta para ser consumida por seres humanos".

El apelante trata de distinguir el caso de *Reyes,* supra, por el hecho de que en la acusación de dicho caso se alegó que los acusados "transportaban y tenían para la venta", mientras que en el de autos se alegó que la "transportaban para la venta". La distinción es más de forma que de fondo. Ambas frases significan lo mismo. Habiendo dado crédito

la corte inferior a la prueba de cargo (la defensa no presentó prueba) de que la leche adulterada pertenecía al acusado Rodríguez, quien se la vendía a su cliente Antonio Castillo y a quien se la enviaba diariamente por medio de su agente, menor de edad, Ortiz, el acusado Rodríguez como principal era tan culpable como su agente aunque físicamente no transportara dicha leche.

*Debe confirmarse la sentencia apelada.*