EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO MARRERO, acusado y apelante.

*Número:* CR-65-289          *Resuelto:* 29 de junio de 1966

---

([2]) La ley lo que concede es "un cinco (5) por ciento del cómputo general de puntuación."

*Víctor Domínguez Correa* y *Federico Pizarro Santiago,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Contra el apelante y su patrono se radicó acusación en la cual le imputaban que ". . . el primero como dueño(¹) y el segundo como su empleado [el aquí apelante], ilegal y voluntariamente, tenían, ofrecían en venta y almacenaban en una vaquería todo con el fin de dedicarla al consumo humano y con el fin de someterla al proceso de pasteurización, leche adulterada o diluída."

Para sostener esta acusación, el fiscal presentó los testimonios de un oficial del Departamento de Salud que tomó la muestra de la leche y el del químico que analizó la misma. El primero declaró que tomó una muestra de leche de un tanque refrigrador en la vaquería del señor Miguel Ángel Rodríguez en el barrio Mameyes de Luquillo. Testificó que "la muestra consistió de 3 unidades de cristal cada una conteniendo 8 gotas de formol para preservar la muestra, en presencia del señor Pablo Marrero procedí a llenar, tapar, retapar, sellar y lacrar las 3 muestras de leche, las 3 unidades de la misma . . . . Le entregué una parte de las 3 unidades, o sea, una unidad de la misma al señor Pablo Marrero quien

---

(¹) El tribunal de instancia absolvió al dueño de la vaquería.

me firmó el recibo por la misma, por la parte que le entregué y las otras dos partes de la muestra, las otras dos unidades fueron enviadas al Laboratorio Químico del Departamento de Salud."

El otro testigo, el químico declaró que la muestra examinada correspondiente a la tomada en la vaquería del señor Rodríguez resultó adulterada con 11% de agua añadida artificialmente.

El apelante apunta que "la cuestión primordial a decidir en este caso, es si el Pueblo probó fuera de toda duda razonable que el acusado tenía leche adulterada para el consumo humano."

En el presente caso la muestra de leche se tomó de un tanque refrigerador en una vaquería en presencia del apelante.

■ La leche es uno de los alimentos básicos del ser humano. Es esencial durante la infancia. Por ser ello así, surgió la necesidad de reglamentar su producción y expendio. Los legisladores aprobaron leyes haciendo delito su adulteración. No requirieron la intención como ingrediente de este delito. *Pueblo* v. *Solla,* 66 D.P.R. 957 (1947); *Pueblo* v. *Bou,* 64 D.P.R. 466 (1945). Ver además *Pueblo* v. *Hernández,* 93 D.P.R. 435 (1966) y *Morissette* v. *United States,* 342 U.S. 246 (1952).

Hemos resuelto en *Pueblo* v. *Pérez,* 23 D.P.R. 877 (1916), seguido en *Pueblo* v. *Solla,* supra, que "el sólo hecho de tener un depósito de leche abierto al público, es bastante para levantar la presunción de que la leche que en él se encuentra está destinada a la venta, porque tal es el objeto de los depósitos de leche y, por tanto, no necesitaba el Fiscal probar que la leche se anunciaba en venta."

■ El dueño de una vaquería está en la misma situación que el dueño de un puesto de leche. Se presume que produce la leche para el consumo humano. Es de conocimiento general que las vaquerías se operan para producir leche para ven-

derla a los seres humanos. No se concibe el establecimiento de una vaquería si no es para producir leche para consumo de los hombres. Además, mantenerla en un tanque refrigerador ciertamente es un indicio de que se hacía para conservarla en buenas condiciones para el consumo humano. Como expresó el Juez Presidente Del Toro en *Pueblo* v. *Morales*, 47 D.P.R. 762 (1934) "Lo normal es que la leche se venda para alimento del hombre. . . . La leche es el alimento por excelencia del hombre y son los seres humanos los que constituyen el público consumidor."

El caso de *Pueblo* v. *Fagot*, 92 D.P.R. 227 (1965), no es de aplicación. En ése se trataba de la suficiencia de la acusación. Como tampoco *Pueblo* v. *Castro*, 76 D.P.R. 151 (1954) que fue dejado sin efecto por la enmienda introducida a la Ley Núm. 77 de 1925, en el año 1955 al incluir entre los actos prohibidos la transportación o almacenaje de leche "con el fin de someterla al proceso de pasteurización o a cualquier otro proceso en preparación para consumo humano." Ley Núm. 77 de 17 de junio de 1955, 24 L.P.R.A. sec. 791 (1964). Ahora bien, cualquier expresión en nuestros anteriores dictámenes contraria a lo aquí expuesto debe considerarse revocada.

■ El apelante plantea que habiendo sido absuelto el dueño, procede la absolución del empleado. No tiene razón. Repetidamente hemos resuelto que ambos el dueño y el empleado son responsables. *Pueblo* v. *Rodríguez*, 61 D.P.R. 732 (1943) ; *Pueblo* v. *Sánchez*, 57 D.P.R. 38 (1940). El hecho de que el tribunal incurriera en error al relevar de responsabilidad al dueño, en forma alguna le beneficia.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 27 de enero de 1965.*

El Juez Asociado Señor Santana Becerra no intervino.