El Pueblo v. Calderón.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 341.—Resuelto en abril 27, 1911.

Delitos contra la Salud Pública—Venta de Leche Adulterada—El delito previsto y castigado por el estatuto sobre la materia, es la venta de leche adulterada, y la intención fraudulenta del acusado, o su participación en la adulteración del producto, no son elementos constitutivos del delito, y no hay que probarlos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Fernando J. Geigel.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia que condena al acusado a sufrir diez días de cárcel por haber sido declarado culpable del delito de vender leche adulterada. Se presentó prueba referente a la adulteración de la leche cuyo hecho no ha sido discutido. Las defensas propuestas por el acusado están comprendidas en dos apartados: Primera, que la prueba fué insuficiente en cuanto a la procedencia de la leche, o sea, si procedía del apelante o si había estado bajo su inspección o control. Segunda, que no hubo prueba con respecto a la intervención del acusado, lo que también envuelve la cuestión de la intención. Se probó de modo suficiente que la leche venía de la lechería del apelante, apareciendo el nombre del apelante en el jarro de donde tomó la leche el inspector, habiendo declarado los testigos acerca del cambio o traslado que se hizo del jarro del poder del apelante al del inspector. Insiste el apelante en que no adulteró la leche y que no hubo prueba de su intervención, pero la venta de leche adulterada es el delito prescrito por el estatuto que es el que se ha probado. No importa conocer si la intención del apelante fué fraudulenta, pues el estatuto hace obligatorio en todo vendedor de leche que la venda pura si quiere ponerse a salvo de los rigores de la ley. (Leyes de 1910, pág. 163.) Este principio fué ampliamente discustido de conformidad con la anterior ley en el caso de Rosendo Ferraris, resuelto en 22 de diciembre de 1909. Allí se demostró en todas las opiniones, las que se diferencian en cuanto a la debida resolución de aquel caso determinado, que cuando el estatuto en esta clase de casos no dice nada con respecto a la intención fraudulenta u otro elemento mental semejante, no es necesario probar que ha existido tal elemento. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.