El Pueblo, Demandante y Apelado, *v.* Ortiz, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por infracción al Reglamento No. 995 del Tesorero de Puerto Rico.

No. 1660.—Resuelto en mayo 12, 1921.

Reglamento del Tesorero sobre Bebidas Embriagantes—Recetas para Bebidas Embriagantes Deben Ser Fechadas—Bebidas Embriagantes.—La disposición contenida en el reglamento promulgado por el Tesorero de Puerto Rico en uso de las facultades que le confirió la Ley No. 69 de 1917, por la cual se exige que toda receta expedida por facultativo autorizado ordenando el despacho de bebidas embriagantes para fines medicinales lleve la fecha de su expedición, no es contraria, a dicha Ley sino que está en armonía con su espíritu.

Id.—Denuncia Suficiente—Objeciones Tardías—Excepción de Falta de Hechos.—Aunque hubiera de concluirse que una denuncia formulada por expedir una receta sin fecha ordenando el despacho de bebidas embriagantes, que al referirse al reglamento infringido solamente expresa: " * * * Hecho contrario a la circular promulgada para tal fin," que tal denuncia debió ser más específica al· citar el reglamento infringido, tal deficiencia, levantada por primera vez ante el Tribunal Supremo, no puede servir de base para la excepción privilegiada de falta de hechos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La denuncia en lo pertinente dice así:

"Que en diciembre del corriente año y en la calle Estrella No. 53 de Ponce, P. R., del Distrito Judicial Municipal de Ponce, P. R., que forma parte del Distrito Judicial de Ponce, P. R., el acusado

arriba referido, que es una persona legalmente para prescribir alcohol, bebidas, drogas, o medicinas alcohólicas o embriagantes, para fines medicinales, expidió una receta para Pedro González del barrio de Machuelo de Ponce, por setecientos treinta y dos gramos (732) de *brandy* (que es una bebida embriagante,) sin haber hecho constar en la receta la fecha en que ésta fué expedida. Hecho contrario a la circular promulgada para tal fin y a la paz y dignidad de El Pueblo de Puerto Rico.''

Juzgado el acusado finalmente por la corte de distrito, fué condenado a pagar veinte y cinco dólares de multa y en defecto de pago a sufrir un día de cárcel por cada dollar dejado de satisfacer.

No conforme el condenado con la sentencia, apeló de ella para ante este tribunal. No existe pliego de excepciones ni relación de pruebas. Sostiene el apelante, en su alegato, que los hechos imputados en la denuncia no constituyen delito público, porque ni la Ley No. 69 de 1917, ni su enmienda de 1918 confieren facultades al Tesorero para exigir que el facultativo consigne en la receta la fecha en que la expida y sostiene además el apelante que de la denuncia no aparece en qué términos estaba redactada la circular del Tesorero, lo que es contrario ''al apartado 4 de la Constitución de los Estados Unidos, traducido en la Declaración de particulares del Acta Jones, aprobada por el Congreso de los Estados Unidos, en dos de marzo de 1917, para regir en Puerto Rico, que expresamente determina que a todo acusado debe dársele una amplia información del cargo que se le hace, de manera que se le dé margen para su defensa.''

El apelante se limita a levantar dichas cuestiones en la forma indicada pero no las argumenta ni presenta jurisprudencia en apoyo de las mismas.

La Ley No. 69 de 1917 citada es la aprobada el 5 de diciembre de 1917 para proveer ingresos adicionales, autorizando y reglamentando la importación, manufactura y venta de bebidas embriagantes y drogas para fines medicinales, sa-

cramentales, industriales y científicos, etc. En su sección 6 del capítulo II dispone que—

"Será ilegal por parte de cualquier médico debidamente autorizado para ejercer según lo dispuesto en esta ley, expedir cualquier receta para bebidas embriagantes, a menos que sea para el tratamiento de un paciente, cuya condición exije dicha bebida embriagante como medicina."

Y el artículo 9 del mismo capítulo de la misma ley "autoriza, faculta y ordena al Tesorero de Puerto Rico para que dicte todas las reglas y reglamentos necesarios que no se opusieren a esta ley para llevar a cabo las disposiciones de la misma   *   *   * "   y prescribe que—

"La falta de cumplimiento de cualesquiera de las disposiciones de esta ley, o de los reglamentos que se promulgaren de acuerdo con la misma, se considerará como delito menos grave (*misdemeanor*) y se castigará con una multa que no bajará de veinte y cinco dólares en la primera infracción, y, en casos de reincidencia, no bajará de cincuenta dólares."

En cumplimiento del deber impuéstole por la ley y en el ejercicio de las facultades que la misma le confiere, el Tesorero dictó el reglamento infringido en este caso exigiendo que se consigne en cada receta la fecha en que se expide.

Tal requisito no es contrario a la ley, sino que está en harmonía con su espíritu. El uso de bebidas alcohólicas está prohibido, pero el legislador aceptando como una realidad científica el hecho de que es necesario emplear tales bebidas en el tratamiento de ciertas enfermedades, autorizó que pudieran ser prescritas por los facultativos. Y guarda estrecha relación con esa autorización con tal fin concedida, el exigir la fecha en que la bebida se prescriba porque entonces podrá juzgarse por la cantidad en determinado tiempo la verdad de la prescripción. Además, para una comprobación en su caso de si la enfermedad era o no cierta, la fecha de la receta es importante. Otras consideraciones podrían en-

contrarse para sostener que el reglamento no se opone a la ley. La experiencia ha demostrado que se ha recurrido a todos los medios imaginables para violar la ley que prohibe el uso del alcohol. De ahí que los reglamentos tengan que ser necesariamente casuísticos.

Es un principio bien establecido que "las funciones de legislación no pueden ser delegadas por el departamento legislativo en el ejecutivo ni en ningún funcionario o funcionarios del mismo," 12 C. J. 844, pero también se ha decidido "que la Legislatura puede especialmente autorizar a un funcionario o cuerpo administrativo para adoptar reglas y reglamentos sobre la administración y cumplimiento de la ley." 12 C. J. 845.

Por supuesto que "la facultad conferida de adoptar reglamentos para llevar a cabo los fines de un estatuto debe ser ejercitada dentro de los poderes delegados, es decir, debe limitarse a detalles para reglamentar la forma de procedimiento para poner en vigor la ley como ha sido promulgada, y no puede extenderse a enmendar o adicionar los requisitos del estatuto mismo." 12 C. J. 845, 846. Pero ya hemos visto que se trata aquí de una cuestión de detalle en harmonía con el pensamiento fundamental del legislador y con el propósito de que tal pensamiento sea una realidad en la práctica.

Véase el caso de *El Pueblo* v. *Neagle,* 21 D. P. R., 356, 362, en el que se cita el de *United States* v. *Grimaud,* así:

"En el caso de *United States* v. *Grimaud,* 220 U. S., 506, una ley del Congreso reservó ciertos terrenos forestales y dispuso que el Secretario de Agricultura debería dictar aquellas reglas y reglamentos y debería establecer el servicio necesario para asegurar los fines de tal reserva, cuales son el reglamentar su disfrute y posesión y el impedir la destrucción de los bosques. La infracción de cualquiera de las reglas establecidas por el Secretario de Agricultura constituía un delito. Al declarar que tal ley era constitucional la corte dijo:

"'(P. 517.) Desde el principio del gobierno varias leyes han sido

aprobadas confiriendo a funcionarios ejecutivos el poder de dictar reglas y reglamentos, no para el régimen de sus departamentos, sino para hacer cumplir las leyes vigentes. Ninguna de estas leyes podrían conferir poder legislativo. Pero cuando el Congreso legislaba y expresaba su voluntad, podía dar a aquellos que habían de actuar bajo tales preceptos, el poder para establecer los detalles mediante la promulgación de reglas y reglamentos administrativos, cuya infracción podía ser castigada con multa o prisión fijada por el Congreso o con penas fijadas por el Congreso, o calculadas por el daño causado.' ''

Y en cuanto al segundo fundamento, bastará decir que aunque se concluyera que la denuncia debió ser más específica al citar el reglamento infringido, tal deficiencia, levantada por vez primera ante este tribunal, no puede servir de base para la excepción privilegiada de falta de hechos suficientes para constituir una causa de acción.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.