EL PUEBLO, DEMANDANTE Y APELADO, *v.* BLASCO, ACUSADO Y APELANTE.

No. 2282.—*Visto:* Junio 5, 1924. *Resuelto:* Junio 13, 1924.

ADULTERACIÓN DE LECHE—VENTA DE LECHE ADULTERADA.—El dueño de una fonda y cafetín en la cual se sirvió a un parroquiano, mediante precio pagado, un vaso de leche que resultó adulterada, es tan responsable ante la ley, como si tal artículo hubiera sido tenido principal o exclusivamente para la venta.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), condenando al acusado por delito de adulteración de leche. *Confirmada.*

R. *Rivera Zayas*, abogado del apelante; *José E. Figueras, Fiscal*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado fué condenado a sufrir cinco días de cárcel por tener y ofrecer en venta leche adulterada.

Como único motivo de error el acusado señala que la sentencia no está sostenida por la prueba presentada en el juicio.

Sostiene el apelante que de acuerdo con la jurisprudencia de esta Corte Suprema, es preciso, en un caso como éste, que se demuestre fuera de toda duda razonable, que se realizó un acto específico de ofrecer o tener en venta la leche.

El acusado era dueño de una fonda y cafetín. Un inspector de sanidad entró el 15 de enero de 1924 en el establecimiento del acusado y pidió un vaso de leche para tomarlo y no pareciéndole buena procedió a tomar la muestra resultando adulterada en un 30 por ciento de agua añadida. La leche le fué vendida por el dependiente estando presente el acusado cuando el inspector tomó la muestra. El inspector no pudo decir que la leche estaba en algún aparador ante el público ni que se tenía a la venta pero sí que la pidió y se la sirvieron.

Tal vez con esta sola declaración la cuestión legal que surgiría era si en un establecimiento de fonda y cafetín en donde la leche se servía con café, en dulces y cremas, como así afirma el acusado que se utilizaba, podía considerarse la ingerencia de la leche en esos artículos fuera del alcance de la ley previendo vender u ofrecer en venta leche artificialmente adulterada con agua. Nos inclinamos a la negativa. La responsabilidad del acusado es como si se vendiera u ofreciera en venta la leche separadamente, si bien en este caso desaparece toda duda en cuanto al hecho de

ofrecer en venta la leche, pues el acusado aunque declara que no acostumbraba venderla ni tiene licencia para hacerlo afirmó sin embargo haberla despachado aunque muy pocas veces, a los clientes.

La sentencia debe *confirmarse*.