El Pueblo de Puerto Rico, demandante y apelado, *v.* Flor Bermúdez, acusado y apelante.

No. 2796.—*Visto:* Junio 11, 1926. *Resuelto:* Junio 18, 1926.

1. ALIMENTOS *(Food)*—LECHE—LECHE ADULTERADA—PROCESO Y CASTIGO—ALEGACIONES, PRUEBAS E INCONGRUENCIAS.—Acusada una persona porque ilegalmente tenía para la venta, ofrecía y vendía leche de vaca adulterada, y admitido por ella en el juicio que tenía la leche para la venta en su fonda, no puede decirse que exista incongruencia entre la acusación y las pruebas, porque no se probara que la ofrecía en venta ni que la vendiera.

2. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—DISPOSICIÓN Y RESOLUCIÓN DEL CASO—MODIFICACIÓN DE LA SENTENCIA APELADA.—Procesada una persona por tener leche de vaca adulterada para la venta y declarada culpable sin decirse por cuál delito, si de la sentencia obrante en el libro de minutas de la corte sentenciadora aparece que se le declaró culpable del delito de adulteración de leche, el Supremo puede corregir dicha sentencia para hacerla más específica y que declare al acusado culpable del delito por que fué procesado.

3. DERECHO PENAL—CASTIGO Y PREVENCIÓN DEL DELITO—CONDENA DE PRISIÓN EN DEFECTO DEL PAGO DE LA MULTA.—Cuando de los autos no aparece que al apelante se le haya concedido licencia para vender leche y que haya constituido la fianza mencionada en la Ley No. 77 de 1925 (pág. 559) no es error de la corte el condenarlo a sufrir prisión en defecto del pago de la multa que se le impuso.

SENTENCIA de *A. Acosta Quintero, J.* (Ponce), condenando al acusado por delito de adulteración de leche. *Confirmada, modificándose.*

Felipe Colón Díaz, abogado del acusado; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante fué acusado de infringir la ley proveyendo lo necesario para castigar la adulteración de leche porque el 22 de noviembre de 1925, en Juana Díaz, ilegalmente tenía para la venta, ofrecía y vendía leche de vaca adulterada. Celebrado el juicio fué condenado a pagar una multa de $25 y en defecto de pago a sufrir un día de cárcel por cada dólar de la multa que dejare de satisfacer.

El apelante tenía en la fecha expresada una fonda en la que se vendía café con leche y habiendo encontrado un inspector de Sanidad cierta cantidad de leche en la cocina de la fonda, el acusado le manifestó, y también lo declaró en el juicio, que tenía esa leche para venderla en su fonda y para un hijo suyo, leche que resultó adulterada con un 13 por ciento de agua añadida artificialmente.

[1] Uno de los motivos del acusado para esta apelación es que hay discrepancia entre la acusación y la prueba, pero habiendo admitido el acusado en el juicio que tenía esa leche para la venta en su fonda no podemos declarar que exista la incongruencia alegada porque ése es uno de los actos que se le imputaron en la acusación y que está prohibido y castigado por la ley, aunque no se probó que la ofrecía en venta ni que la vendiera, por lo que en vista de tal prueba no es necesario decidir en este caso si la mera posesión de leche adulterada en una fonda o en un cafetín donde se vende leche o café con leche a los consumidores presupone que se tiene para la venta. Este caso es bastante análogo al de *El Pueblo* v. *Blasco,* 33 D.P.R. 343, en el que fué confirmada la sentencia que condenó al dueño de una fonda y cafetín por vender leche adulterada.

[3] Tampoco tiene razón el apelante en decir que la sentencia no expresa el delito por el cual ha sido condenado pues si bien es cierto que al terminarse el juicio la corte

declaró culpable al acusado sin decir por cuál delito, en la sentencia obrante en el libro de minutas de la corte aparece que se le declaró culpable del delito de adulteración de leche.    Es cierto que tal declaración de culpabilidad es bastante general pero nosotros podemos corregir la sentencia para hacerla más específica y que declare al acusado culpable de tener para la venta leche de vaca adulterada. *El Pueblo* v. *Alvarez,* 21 D.P.R. 86; *El Pueblo* v. *Trinidad,* 24 D.P.R. 886, y *El Pueblo* v. *Bauzá,* 34 D.P.R. 440.

[4] También se alega que estando vigente el 22 de noviembre de 1925 la Ley No. 77 de 12 de agosto de ese año (p. 559) no debió ser condenado a sufrir prisión en defecto del pago de la multa.

Dispone esa ley proveyendo lo necesario para castigar la adulteración de leche que la primera violación a ella se castigará con multa de $25 a $100 y la reincidencia con prisión de seis meses a un año, multa de $500 y la revocación de la licencia; que a toda persona a quien se le concediere una licencia para vender y distribuir leche se le exigirá una fianza de $100 a $1,000 y que esta fianza, hasta donde alcance, ó la parte de ella que fuere necesaria será aplicada al pago de cualquier multa que la corte impusiere a una persona convicta de acuerdo con esa ley.

Como de estos autos no aparece que al apelante se le haya concedido licencia para vender leche y que haya constituído la fianza mencionada en esa ley, no fué error de la corte el condenarlo a sufrir prisión en defecto del pago de la multa que se le impuso.

*La sentencia apelada debe ser modificada y así modificada confirmarse.*

El Juez Presidente Sr. del Toro no tomó parte en la resolución de este caso.