EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO PÉREZ ENRÍQUEZ, acusado y apelante.

No. 4754.—*Sometido:* Noviembre 9, 1932. *Resuelto:* Enero 20, 1933.

*L. Santiago Carmona,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Inspector de Sanidad del Distrito del Dorado, formuló denuncia contra Antonio Pérez Enríquez por infracción al artículo 41 del Reglamento No. 7 de Sanidad aprobado el 25 de septiembre de 1912, cometida como sigue:

"Que en los primeros días de mayo de 1931, y en la calle Muñoz Rivera de Toa Baja, P. R., dentro del Distrito Judicial Municipal de Toa Alta, P. R., que forma parte del Distrito Judicial de Bayamón, P. R., el referido acusado Antonio Pérez Enríquez, siendo un plomero autorizado, voluntaria y maliciosamente violó lo dispuesto en el Art. 41 del Reglamento de Sanidad No. 7 aprobado en 25 de septiembre de 1912 porque conectó conjuntamente al alcantarillado las instalaciones de plomerías de dos casas propiedad de Ceferino Huertas radicadas en la Calle Luis Muñoz Rivera en Toa Baja, P. R., en vez de por separado según se dispone en el Reglamento mencionado."

Condenado el acusado en la corte municipal, apeló para ante la corte de distrito. Celebrado un nuevo juicio y practicada una inspección ocular por el juez, volvió a ser condenado, imponiéndosele una multa de cinco dólares. No conforme, apeló.

Su alegato no contiene un señalamiento de errores, pero leyéndolo se concluye fácilmente que lo que sostiene es que la denuncia no le imputa la comisión de un delito público, primero, porque el artículo 41 del Reglamento No. 7 de Sanidad es meramente directivo y su infracción no está castigada por el mismo, y segundo, porque en el caso de que alguien fuera responsable de la infracción, lo sería el dueño de las casas y no él, simple plomero para quien el propio reglamento señala penas que se imponen administrativamente.

No existe en este caso pliego de excepciones, exposición o transcripción de evidencia. Conocemos la denuncia. La sección 41 cuya infracción se persigue, dice:

"Art. 41.—Instalaciones.—La plomería y el drenaje de todo edificio se conectará por separado independientemente con el alcantarillado o cloaca pública cuando ésta existiere, y en su defecto con un pozo séptico o sumidero. Cuando no hubiere alcantarilla en la

calle y fuere necesario construir una alcantarilla particular para co-
nectarla con la de otra calle, se someterán los planos de dicho tra-
bajo al Director de Sanidad para su aprobación.''

Creemos que basta un mero examen de esa sección para
resolver en contrario la primera cuestión que suscita el ape-
lante. Disponiendo como dispone que la plomería y el dre-
naje de todo edificio se conectará por separado con el al-
cantarillado público, el conectar conjuntamente con dicho al-
cantarillado las instalaciones de dos casas, la infringe cla-
ramente.

■ Examinemos la segunda cuestión. Es cierto que el
artículo 15 del reglamento dispone que a los maestros y ofi-
ciales plomeros que violaren el Reglamento o que efectua-
ren trabajos que no estuvieren de acuerdo con los planos
presentados, se les suspenderá su licencia, pero ello no
quiere decir que estén exentos de la pena que para las vio-
laciones reglamentarias en general fija el estatuto. Si un
dueño de dos casas ordena que se haga una sola conexión,
infringe la sección 41, y también la infringe el plomero que
realiza el trabajo, pudiendo su actuación ser castigada im-
poniéndosele por el tribunal competente la penalidad que
proceda con arreglo a ley y suspendiéndosele administrati-
vamente su licencia de acuerdo con la sección 15 del Regla-
mento.

■ En cuanto a si el Reglamento tiene o no fuerza obli-
gatoria, bastará referirnos al artículo 14 de la Ley de Sa-
nidad, sección 977, Comp. 1911, que en lo pertinente dice:
''La Junta Insular de Sanidad deberá dictar los reglamen-
tos y disposiciones sanitarios aplicables a todos los muni-
cipios de Puerto Rico, con el fin de prevenir y suprimir . . .
e intervenir en cualquier otro servicio que afectare la salud
pública, como . . . construcción de edificios en la población,
ventilación, drenaje e instalaciones sanitarias . . .'', al ar-
tículo 32 de dicha ley, sección 995, Comp. 1911, que pres-
cribe: ''Toda persona que infrinja las disposiciones de los
reglamentos de sanidad puestos en vigor por el director de

sanidad de acuerdo con esta ley, y aprobados conforme se dispone en el artículo 9 de la misma, será castigada con multa que no será menor de un dollar ni mayor de cien dollars, o con prisión desde uno a treinta días, o con ambas penas a discreción del tribunal.'', y a la jurisprudencia establecida en los casos de *El Pueblo* v. *Ortiz,* 29 D.P.R. 424, y *El Pueblo* v. *Neagle,* 21 D.P.R. 356. En el último se dijo:

''En el caso de United States v. Grimaud, 220 U. S. 506, una ley del Congreso reservó ciertos terrenos forestales y dispuso que el Secretario de Agricultura debería dictar aquellas reglas y reglamentos y debería establecer el servicio necesario para asegurar los fines de tal reserva, cuales son el reglamentar su disfrute y posesión y el impedir la destrucción de los bosques. La infracción de cualquiera de las reglas establecidas por el Secretario de Agricultura constituía un delito. Al declarar que tal ley era constitucional la corte dijo:

'' '(P. 517.) Desde el principio del gobierno varias leyes han sido aprobadas confiriendo a funcionarios ejecutivos el poder de dictar reglas y reglamentos, no para el régimen de sus departamentos, sino para hacer cumplir las leyes vigentes. Ninguna de estas leyes podían conferir poder legislativo. Pero cuando el Congreso legislaba y expresaba su voluntad, podía dar a aquellos que habían de actuar bajo tales preceptos, el poder para establecer los detalles mediante la promulgación de reglas y reglamentos administrativos, cuya infracción podía ser castigada con multa o prisión fijada por el Congreso, o con penas fijadas por el Congreso, o calculadas por el daño causado'.''

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*