El Pueblo de Puerto Rico, demandante y apelado, *v.* Julio H. Morales y Benito Roque, acusados y apelante el primero.

No. 5408.—*Sometido:* Noviembre 22, 1934. *Resuelto:* Diciembre 13, 1934.

*Abelardo Román Font,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Humacao formuló acusación contra Julio H. Morales y Benito Roque imputándoles la comisión de un delito de adulteración de leche, como sigue:

"El acusado Julio H. Morales, quien es dueño de un puesto dedicado a la venta de leche en la ciudad de Caguas con licencia Núm. 13 expedida por el Departamento de Sanidad, y el acusado Benito Roque, empleado repartidor con licencia No. 10 de dicho puesto de leche, el día 11 de mayo de 1933, en la municipalidad de Caguas, dentro del Distrito Judicial de Humacao, P. R., ilegal, voluntaria y maliciosamente tenían para la venta y vendían como pura y para ser destinada al consumo humano, leche de vaca adulterada con agua en un 22%."

Roque confesó su delito. Morales negó la acusación y celebrado el juicio la corte lo declaró culpable y le impuso treinta y cinco dólares de multa. No conforme apeló.

En su alegato señala la comisión de cuatro errores que envuelven la misma cuestión, a saber: la errónea declaración de su culpabilidad basada en haberse probado que tenía para la venta y vendía como pura y para el consumo humano leche de vaca adulterada.

Que el acusado Morales era el dueño de un puesto dedicado a la venta de leche en Caguas el 11 de mayo de 1933, que el otro acusado Roque era empleado repartidor de la leche de Morales y que en un porrón de Morales se le ocupó en dicha fecha leche de vaca adulterada que "vendía para el consumo público," son hechos admitidos. Y que en un

caso de esta naturaleza pueden ser declarados culpables del delito tanto el dueño del puesto como su agente, es cuestión ya resuelta en sentido afirmativo por este tribunal.

■ Lo que sólo está en disputa es si hubo o no suficiente prueba de que la leche que vendía Roque fuera de Morales y de que en el caso de serlo dicha leche se vendiera como pura y para el consumo humano.

El único testigo presentado por El Pueblo, F. L. Mora, inspector de sanidad, dijo que cuando ocupó la leche a Roque éste le manifestó que no era de Morales, sino suya, y declarando Roque como testigo de descargo, confirmó su dicho. Hay además dos testigos presentados por la defensa que declararon haber visto a Roque echándole agua a la leche en el día indicado.

La presunción que surgía del empleo de Roque ¿fué destruída por la declaración del mismo? ¿Estaba obligada la corte sentenciadora a dar entero crédito a su testimonio?

A nuestro juicio no lo estaba y siendo ello así y no habiéndose demostrado que al no darle crédito actuara movida por pasión, prejuicio o parcialidad o que cometiera un manifiesto error, debe concluirse que la presunción no quedó destruída y que la prueba de que la leche pertenecía a Morales es bastante.

■■ También consideramos suficiente la prueba de que la leche se vendía como pura para el consumo humano.

Sólo pueden dedicarse a la venta de dicho producto alimenticio las personas que obtienen la licencia exigida por la ley. Y la obtienen para vender el artículo puro, de tal suerte que si así no lo expenden cometen un acto delictivo previsto y castigado por la propia ley. Cuando el producto se ofrece a la venta en otras condiciones que no sean las de su natural estado de pureza, es necesario que el vendedor así lo especifique. El ofrecimiento para la venta y la venta en condiciones normales como en este caso, implican el ofrecimiento para la venta o la venta del producto como puro.

Igual puede decirse en cuanto a la venta para el consumo

humano. Lo normal es que la leche se venda para alimento del hombre. Una leche que se vende para el consumo público, se vende para el consumo humano. La leche es el alimento por excelencia del ser humano y son los seres humanos los que constituyen el público consumidor.

En condiciones similares a las de este caso esta propia corte ha estimado la prueba suficiente. *El Pueblo* v. *Nieves,* 44 D.P.R. 417; *El Pueblo* v. *Rivera,* 43 D.P.R. 922.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*