El Pueblo de Puerto Rico, demandante y apelado, *v.* Antonio Morillo y Arcadio Rodríguez acusados y apelantes.

Núm. 6207.—*Sometido:* Diciembre 4, 1936. *Resuelto:* Diciembre 16, 1936.

738

*Diego O. Marrero,* abogado de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Morillo, dueño de un café, y Rodríguez, mozo, fueron convictos de tener y ofrecer a la venta leche adulterada en violación de la sección primera de la "Ley proveyendo lo necesario para castigar la adulteración de leche, y para otros fines", aprobada el 12 de agosto de 1925 (Leyes de ese año, núm. 77, pág. 559).

Los apelantes especifican tres fundamentos para su apelación, así:

"Primer error. La corte cometió manifiesto error al dictar una sentencia condenatoria contra los acusados apelantes, cuando no aparecen en la evidencia ofrecida y admitida elementos probatorios suficientes para sostener el delito imputado a los acusados.

"Segundo error. La corte de distrito cometió manifiesto error al dictar una sentencia condenatoria contra los acusados, cuando de existir una prueba en este caso, la misma resultaría ser manifiestamente incongruente con la acusación.

"Tercer error. La corte de distrito cometió manifiesto error al dictar una sentencia condenatoria en contra del acusado Antonio Morillo, cuando quedó preponderantemente probado que dicho acusado, en la fecha que se señala como la de la comisión del delito, no era el dueño del cafetín en donde se ocupó la leche."

Hubo suficiente prueba al efecto de que la leche en cuestión era tenida para la venta. No era necesario probar una

venta. La prueba tendente a demostrar que la leche se tenía para el uso de los parroquianos que deseaban mezclarla con café o agregarle azúcar a la mezcla así hecha antes de tomarla, no alteró el hecho de que la leche se tenía para la venta. Véanse *Pueblo v. Blasco,* 33 D.P.R. 342; *Pueblo v. Bermúdez,* 35 D.P.R. 596; y *Pueblo v. Lomba,* 44 D.P.R. 406. La ley no hace distinción alguna entre los dueños o propietarios de depósitos de leche y los dueños o propietarios de cafés. *Ubi lex non distinguit, nec nos distinguere debemus.*

■■ La teoría del segundo señalamiento es que los acusados no eran culpables del delito imputado sino de otro delito, o sea, del uso de leche adulterada o diluída para fines industriales en "la preparación de alimentos para el consumo humano." Hubo alguna prueba tendente a demostrar que Morillo vendía leche tan sólo después de mezclarla con café. Asumiendo para los fines de la argumentación que la leche así vendida podría decirse que se usaba "para fines industriales" dentro del significado de la ley, el alegato de los apelantes deja de convencernos de que Morillo no era también culpable de tener leche a la venta, según resolvió la corte de distrito. Sin perjuicio de dar consideración ulterior a la cuestión, si es que puede presentarse prueba más fuerte en cualquier caso futuro, convenimos con la corte de distrito en que la leche se tiene para la venta ora la supuesta venta sea una de la leche solamente o de ésta después de haber sido mezclada con café.

La cuestión relativa a si Morillo era dueño del establecimiento al tiempo de cometerse el delito era una de hecho y no podemos convenir con el letrado de los apelantes respecto a la supuesta preponderancia de prueba sobre este punto.

■ La única duda que hemos abrigado ha sido en torno a si un mozo de un restaurante cuando no se demuestra una venta efectiva o una oferta de venta por parte suya puede ser convicto de tener a la venta la leche así tenida por el

dueño o propietario del establecimiento. Aunque esta cuestión no ha sido discutida en el alegato, nos sentimos inclinados a dar al acusado Rodríguez el beneficio de nuestra propia duda sobre el particular.

*La sentencia apelada debe ser revocada en lo que a Rodríguez concierne y confirmada en cuanto a todos los demás aspectos.*

El Juez Presidente Señor del Toro no intervino.