EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ANTONIO ZAPATA, acusado y apelante.

Núm. 7348.—*Sometido:* Enero 18, 1939. *Resuelto:* Enero 26, 1939.

*Gelpí & Gelpí,* abogados del apelante: *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Se acusó a Antonio Zapata de tener en su posesión leche adulterada con el fin de dedicarla al consumo humano y de ofrecerla a la venta. Fué convicto de tener en su poder leche adulterada con el fin de dedicarla al consumo humano. La posesión de leche adulterada para dedicarla al consumo humano no es un delito. Véase la sección primera de la "Ley proveyendo lo necesario para castigar la adulteración de leche y para otros fines," aprobada el 12 de agosto, 1925 (leyes de ese año, ley núm. 77, pág. 559).

El químico que había examinado las muestras de leche declaró sobre el resultado de su análisis. También identificó un certificado de ese resultado. El error, de haberse cometido, al admitir el documento o al tomar conocimiento judicial de la firma que aparecía en el mismo, no fué perjudicial.

La prueba tendió a demostrar la transportación de leche adulterada que habría de ser dedicada al consumo humano; pero el acusado no fué procesado ni declarado culpable de transportar leche adulterada.

La prueba tendió también a demostrar que el acusado repartía y entregaba leche "por ajuste," es decir, si entendemos el significado de la frase, a parroquianos permanentes que pagaban por la misma semanal o mensualmente, o después de transcurridos ciertos intervalos regulares. Al así proceder, ofrecía, a nuestro juicio, leche adulterada para la venta.

*La sentencia apelada debe ser modificada de conformidad y así modificada, confirmada.*