El Pueblo de Puerto Rico, demandante y apelado, *v.* Filomeno González Alvarez y Julio González Alvarez, acusados y apelantes.

Núm. 10310.—*Sometido:* Febrero 1, 1944. *Resuelto:* Febrero 17, 1944.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Filomeno González Alvarez y Julio González Alvarez apelan de una sentencia condenando al primero, como dueño, y al segundo como agente, por tener en su posesión y ofrecer para la venta y consumo humano leche adulterada, en violación de la sección 1, Ley número 77, Leyes de Puerto Rico, 1925 (pág. 559).

Los apelantes señalan dos errores: (1) errónea apreciación de la prueba; (2) hacer caso omiso de la doctrina establecida en *Pueblo* v. *Almodóvar*, 56 D.P.R. 534, la que, de aplicarse a los hechos de este caso, traería como consecuencia la absolución de los apelantes.

Filomeno González es dueño y explota una vaquería en Isabela. El día en cuestión, Julio González, actuando como agente de su hermano Filomeno, le entregaba a una señora, en un restaurante en Aguadilla, un porrón lleno de leche de vaca, cuando apareció un Inspector de Sanidad y tomó una muestra de dicha leche, la que al analizarse demostró que estaba adulterada con agua en un 14 por ciento. El porrón estaba rotulado: "Leche pura de vaca de Filomeno González, Barrio Guayabo, Isabela, Puerto Rico." Los acusados admiten que la leche era para el consumo humano. Al ser sorprendido, Julio González, informó al Inspector que acababa de comprar a Cecilio Cortés la leche en cuestión para

poder contar con suficiente leche para completar los ajustes. Julio sugirió que el Inspector buscara a Cortés con el fin de que le tomara una muestra de la leche. Pero el Inspector no pudo encontrar a Cortés.

La única porción de la prueba arriba reseñada, que controvertieron seriamente los apelantes fué en cuanto al sitio donde se entregaba la leche a la señora. Julio afirma que esto ocurrió frente, en vez de dentro del restaurante. El resto de la prueba de los apelantes fué al efecto de que la leche no se ofrecía allí en venta; que la señora no efectuó pago alguno por la misma; y que la leche adulterada procedía de Cortés y no de la producción regular de la vaquería.

La contención de que la leche aquí envuelta no se ofrecía en venta, carece de fundamento. [1] La admisión de Julio González de que compró y suministró la leche a los ajustes era suficiente para sostener esta acusación, prescindiendo de la fecha en que se pagara por la leche. (*Pueblo* v. *Zapata,* 54 D.P.R. 145.) [2] En verdad, el que se realice de hecho una venta no es un elemento esencial del delito aquí envuelto (*Pueblo* v. *Morillo,* 50 D.P.R. 737; *Pueblo* v. *Acosta,* 56 D.P.R. 138, 140).

█ Y aun si asumiéramos que los acusados el día en que se tomó la muestra ni habían adulterado la leche ni sabían que estaba adulterada, tales hechos no constituyen una defensa bajo el estatuto de que aquí se trata (*Pueblo* v. *Cartagena et al.,* 37 D.P.R. 457; *Pueblo* v. *Román,* 60 D.P.R. 637).

█ Toda vez que el porrón llevaba el nombre de la vaquería de Filomeno González (*Pueblo* v. *Calderón,* 17 D.P.R. 484), y toda vez que se admitió que Julio actuaba como agente de Filomeno González, no se cometió error al condenar a ambos por el delito aquí envuelto (*Pueblo* v. *Rubio,* 53 D.P.R. 562; *Pueblo* v. *Morales,* 47 D.P.R. 762).

La regla establecida en el caso de *Pueblo* v. *Almodóvar,* supra, no es de aplicación a los hechos de este caso.

*La sentencia de la corte de distrito será confirmada.*