EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ELÍAS BOU, acusado y apelante.

Núm. 10608.—*Sometido:* Noviembre 16, 1944. *Resuelto:* Enero 25, 1945.

*José E. Bosch Roque,* abogado del·apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de el Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué convicto de transportar, con destino al consumo humano, leche de vaca adulterada con agua, y sentenciado a pagar veinticinco dólares de multa. Admitió que la leche resultó adulterada y que era destinada al consumo humano, pero alega que los hechos probados no constituyen delito alguno, invocando el artículo 61 del Reglamento de Sanidad núm. 96, promulgado por el Gobernador el 26 de septiembre de 1937. De conformidad con el citado artículo, la persona que tenga la leche en su poder quedará exenta de responsabilidad si se comprobare que la recibió en el mismo envase en que se encontraba al tomarse la muestra sin que hubiere alterado sus tapas o precintos, si los tuviere. En efecto, la evidencia concluyentemente estableció que los jarrones de leche ocupados al apelante mientras los conducía por Cataño para entregarlos al depósito de leche de Eligio de Jesús, venían tapados y las tapas fijas con cadenas y candados, y que una llave de cada candado la tenía la vaquería y la otra el citado dueño del depósito de leche, de suerte que el apelante no podía abrir los jarrones sin destruir los candados. Es evidente, pues, que el caso del apelante está comprendido dentro de los términos del artículo 61 del Reglamento de Sanidad núm. 96.

La Ley núm. 81 Para Reorganizar el Servicio de Sanidad, aprobada el 14 de marzo de 1912, pág. 126, impone a la Junta Insular de Sanidad el deber de prescribir reglamentos "para regir el transporte de leche y otros productos de vaquerías." La cuestión a determinar es si la Junta Insular de Sanidad se excedió en los poderes que le delegó la Asamblea Legislativa a virtud de la Ley núm. 81 de 1912, en vista de lo dispuesto en la sección 1 de la Ley núm. 77 aprobada el 12 de agosto de 1925, pág. 559, que dice:

"Toda persona que adulterare o diluyere leche y toda persona que la vendiere . . . o que la transportare . . . con el fin de dedicarla al consumo humano . . . será culpable de delito menos grave (*misdemeanor*) y convicta que fuere, castigada en la primera vio-

lación con multa no menor de veinticinco (25) dólares, ni mayor de (100) dólares.''

La sección que acabamos de transcribir declara constitutivo de delito la transportación de leche adulterada con el fin de dedicarla al consumo humano, sin que la intención criminal sea un elemento del delito. Consecuentemente, el que se dedica a la transportación de leche de vaca para el consumo humano asume el riesgo de incurrir en el delito si la leche resulta adulterada, aunque el porteador ni directa ni indirectamente haya intervenido con el producto ni tenga conocimiento al transportarlo de que estaba adulterado. *Pueblo* v. *Cartagena,* 37 D.P.R. 457; *Pueblo* v. *Román,* 60 D.P.R. 637, y *Pueblo* v. *González,* 63 D.P.R. 144.

Al disponer la Junta Insular de Sanidad por el artículo 61 del Reglamento de Sanidad núm. 96 que el porteador de leche adulterada que cumpla con las disposiciones del artículo 61 no incurre en el delito definido en la sección 1 de la Ley núm. 77 de 1925, está intercalando una excepción y consecuentemente enmendando la citada sección 1, o lo que es lo mismo, está ejercitando la facultad de legislar. Una cosa es delegar el poder para hacer una ley, el cual necesariamente envuelve el uso de discreción para determinar cómo debe ser la ley, y otra muy distinta es el conferir autoridad o discreción para aprobar reglamentos en armonía con la ley a los efectos de su ejecución. Lo primero no puede hacerse sin violar el artículo 25 de la Ley Orgánica, que confiere todos los poderes legislativos locales en Puerto Rico, con excepción de lo que de otro modo se disponga en la Ley Orgánica, a la Asamblea Legislativa de Puerto Rico, la cual no puede delegarlos.[1] En cuanto a lo segundo, ninguna objeción válida puede oponerse. *Field* v. *Clark,* 143 U. S. 649;

---

[1] Como dice Burdick en su obra ''The Law of the American Constitution,'' pág. 151, existe una excepción a la regla que prohibe la delegación de poderes legislativos que es tan generalmente reconocida como la regla misma. Esa excepción es en favor de la concesión del poder de gobierno propio local a los municipios.

*Caha* v. *United States,* 152 U. S. 211; *United States* v. *Grimaud,* 220 U. S. 506; *El Pueblo* v. *Ortiz,* 29 D.P.R. 424; y *Pueblo* v. *Carril,* 41 D.P.R. 266.

No siendo válido el artículo 61 del Reglamento de Sanidad núm. 96, en tanto en cuanto exonera de responsabilidad criminal al porteador que transporta la leche dentro de las condiciones expresadas, *procede la confirmación de la sentencia.*