EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* JACINTO A. PALACIOS y MANUEL ABAD FILOMENO, acusados y apelante el primero.

Núm. 11734.—*Sometido:* Febrero 12, 1947. *Resuelto:* Febrero 24, 1947.

*Cayetano Coll Cuchí,* abogado del apelante; *Hon. Procurador General Interino, Luis Negrón Fernández,* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Jacinto A. Palacios fué juzgado y convicto de un delito de adulteración de leche. Apeló de la sentencia condenándolo a pagar una multa de veinticinco dólares.

El primer error señalado es que la acusación es defectuosa. Esta imputa a Abad Filomeno([1]) y a Jacinto A. Palacios el delito de adulteración de leche, alegando que "el primero como conductor y el segundo como dueño de una vaquería . . . tenían y ofrecían en venta como pura, y transportaban para destinarla al consumo humano, leche de vaca, adulterada artificialmente con agua."

La teoría de Palacios es que la sección 1 de la Ley núm. 77, Leyes de Puerto Rico, 1925 (pág. 559), establece dos diferentes delitos, transportar leche adulterada y ofrecer la misma para la venta; que estos dos delitos son independientes uno del otro y constan de características completamente diferentes; y que la acusación es defectuosa en cuanto alega que dichos dos delitos fueron cometidos conjuntamente por Filomeno y Palacios, sin indicar la participación de cada uno en los dos delitos.

Estamos de acuerdo con el Fiscal de este Tribunal en que la sección 1 de la Ley núm. 77, Leyes de Puerto Rico, 1925, provee diferentes maneras en que se comete un solo delito.([2]) La Legislatura estaba atacando a un solo mal—consumo humano de leche adulterada—cuando dispuso que constituiría delito la (1) adulteración, (2) venta, ofrecer o tuviere en venta, y (3) la transportación de leche adulterada para dedicarla al consumo humano. Cada uno de estos actos es, por lo tanto, una manera diferente de cometer el delito establecido por la sección 1. En *Pueblo* v. *Del Valle,* 54 D.P.R. 44, llegamos a la misma conclusión en cuanto al delito de alteración a la paz.

---

([1]) Filomeno se declaró culpable y por tanto su caso no se encuentra ante nosotros.

([2]) La sección 1 lee como sigue: "Toda persona que adulterare o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano y toda persona que usare leche adulterada o diluída para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*) . . ."

Nuestra opinión, por tanto, es que la acusación no imputa a los dos acusados haber cometido conjuntamente dos delitos diferentes. Al contrario, los acusa de haber violado la sección 1 en dos diferentes maneras. En su consecuencia, la acusación no era defectuosa. Puede ser que Palacios tuviera derecho a un pliego de particulares en cuanto a cómo él violó la sección 1 en dos maneras; pero él nunca lo solicitó.

El acusado señala como error que tres muestras de la leche aquí envuelta fueron cogidas por el inspector, quien le entregó una al acusado y las otras dos al Departamento; que esta acusación fué basada en un análisis de una de las muestras del Departamento; que el acusado solicitó una comprobación para comparar la segunda muestra del Departamento con la aquí envuelta; que no hubo dicha comprobación; y que de conformidad con el artículo 11 del Reglamento 105 del Departamento, no se puede acusar a nadie por el delito de adulteración de leche si no se ha hecho anteriormente dicha comprobación, después de solicitada ésta. Nada encontramos en el artículo 11 que exija que tal comprobación sea un requisito previo a la acusación. Es más, si así lo exigiera dicho artículo 11, éste sería contrario a la sección 1 de la Ley núm. 77 y por ende nulo. *Pueblo* v. *Bou*, 64 D.P.R. 466.

El acusado también señala como error la negativa del juez de distrito a permitirle al acusado declarar en cuanto a lo que le dijo el Dr. Muñoz, funcionario del Departamento de Salud, en relación con la solicitud del acusado para que se hiciera la comprobación. En virtud de nuestra decisión de que la falta de la comprobación no impide esta acusación, dicha prueba era inmaterial. Por tanto, creemos innecesario examinar la conclusión del juez de distrito de que dicha prueba era de referencia.

*La sentencia de la corte de distrito será confirmada.*