EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* José A. RODRÍGUEZ y JACINTO DÁVILA, acusados y apelantes.

Núm. 13019.—*Sometido:* Enero 28, 1948. *Resuelto:* Febrero 12, 1948.

*José L. Feliú Pesquera,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

El Fiscal del Distrito de Bayamón formuló acusación contra José A. Rodríguez y Jacinto Dávila por el delito de transportar leche adulterada, contra el primero como dueño del producto y contra el segundo como conductor del vehículo en que ésta se transportaba. Celebrado el juicio de rigor, la corte declaró culpables a ambos acusados y les condenó a pagar $40 de multa o en su defecto a sufrir un día de cárcel por cada dólar dejado de satisfacer. Ambos acusados apelaron, mas el recurso de Jacinto Dávila fué desestimado por nosotros con fecha 28 de enero de 1948 debido a que éste no radicó alegato alguno en apoyo del mismo. En su virtud está ante nos tan sólo la apelación interpuesta por José A. Rodríguez.

En primer lugar sostiene este apelante que "la corte sentenciadora cometió error manifiesto en la apreciación de la prueba".

El primer testigo en declarar lo fué *Ignacio Rivera Berríos*. Éste manifestó en síntesis que es Inspector de Sanidad; que allá para el 25 de junio de 1946 mientras tomaba muestras de leche frente a la planta de envase que hay en el barrio Hato Tejas, de Bayamón, llegó una guagua que conducía leche; que ordenó al chófer de ésta que se detuviera y procedió entonces a tomar muestras de todos y cada uno de los porrones que había en la guagua; que al tomar las muestras llenaba tres botellitas de cada una de las personas a nombre de quienes venía la leche; que tapaba esas botellitas y las lacraba; que la muestra de Rodríguez la marcó I.R.B. 24; que esa leche era para consumo humano; que el conductor de la guagua era Jacinto Dávila y que si bien la misma pertenecía a un tal Espasas, la leche que resultó adulterada estaba dentro de un porrón precintado y rotulado "José A. Rodríguez"; y que más tarde al hablar personalmente con Rodríguez éste le admitió que la leche era de él, aunque alegó que él meramente sacaba la leche y

la ponía en la carretera, pero que no la precintaba; y que si bien Rodríguez no estaba autorizado para dedicarse a la venta de leche, tenía, sin embargo, un permiso especial del Jefe de la Unidad para. así hacerlo.

*Rafael Del Valle Zárraga,* quien fué el segundo testigo en declarar, manifestó que es Jefe del Negociado de Químicos del Departamento de Salud; que la muestra de leche marcada I.R.B. 24 fué analizada bajo su inmediata supervisión y dirección por la química Srta. Gloria A. Circuns; que él vió hacer el análisis; que el mismo fué hecho en el laboratorio químico para determinar si dicha leche tenía agua añadida artificialmente; y que el examen reveló que ésta estaba adulterada con 15.38 por ciento de agua; que la Srta. Circuns es química graduada, trabaja en el Departamento de Salud bajo su dirección y él era Jefe de ella.

*Gloria A. Circuns* testificó que es química-farmacéutica graduada en la Universidad de Puerto Rico, donde tuvo que cursar cuatro años de estudios para obtener su título; que aún no ha tomado el examen de reválida ante la Junta de Químicos; y que examinó la muestra de leche en cuestión y halló que ésta estaba adulterada con 15.38 por ciento de agua añadida artificialmente.

La defensa no adujo prueba de clase alguna. En la aportada por El Pueblo no hubo conflicto y ella es a nuestro juicio suficiente para sostener la actuación de la corte inferior. Véanse *Pueblo* v. *Bou,* 64 D.P.R. 466; *Pueblo* v. *González,* 63 D.P.R. 144; *Pueblo* v. *Rodríguez,* 61 D.P.R. 732; *Pueblo* v. *Rubio,* 53 D.P.R. 562; y *Pueblo* v. *Morales,* 47 D.P.R. 762. En lo que a apreciación de prueba concierne, es principio establecido por nosotros que no alteraremos la conclusión a que llega la corte a quo a no ser que se nos demuestre que ésta al así hacerlo cometió manifiesto error o actuó movida por pasión, prejuicio o parcialidad. *Pueblo* v. *Santos,* 67 D.P.R. 650, 653.

Alega además el acusado que "la corte sentenciadora cometió grave error de derecho al declarar culpable

al acusado-apelante José A. Rodríguez, por no haberse presentado prueba en el sentido de que la leche supuestamente adulterada estuviera destinada para el consumo humano.''
Al discutir este señalamiento insiste el apelante en que no se probó el objeto para el cual se usaría la leche. Sin embargo, el Inspector de Sanidad declaró que ésta era para el consumo humano y a tal manifestación suya no hubo objeción por la defensa. Además manifestó, según hemos visto, que la muestra de la leche perteneciente a Rodríguez fué tomada de una guagua que traía otros porrones de ese producto para la planta de envase de Espasas, quien se dedica a la venta de leche; que al momento de tomarse la muestra la guagua se hallaba frente a la referida planta y que la misma según se le indicó era transportada para entregarla allí. Bajo estas circunstancias resulta incuestionable que quedó probado que la leche era transportada para el consumo humano. *Pueblo* v. *Cotis,* 50 D.P.R. 484; y *Pueblo* v. *Nieves,* 44 D.P.R. 417.

Finalmente insiste el acusado en que la corte inferior erró al permitir que la testigo Gloria A. Circuns declarara como perito, por no tener ella al momento de examinar la muestra de leche la licencia correspondiente expedida por la Junta de Químicos de Puerto Rico. Un examen de la reseña que hemos hecho de la prueba demostrará que el testigo Del Valle Zárraga manifestó que él es Jefe del Negociado de Químicos del Departamento de Salud; que la Srta. Circuns es química graduada y trabaja como empleada de su Negociado; y que ésta verificó el examen de la muestra de leche en presencia suya y bajo su supervisión. Ante esas circunstancias la corte inferior no cometió error al admitir su testimonio. *Cf. Pueblo* v. *Zapata,* 54 D.P.R. 145; *Pueblo* v. *Velázquez,* 35 D.P.R. 599; y *Pueblo* v. *Toro,* 32 D.P.R. 800.

En lo que al coacusado José A. Rodríguez concierne, *la sentencia apelada será confirmada.*