EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ LAGUNA, acusado y apelante.

Núm. 14923.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Enero 16, 1951.

*José R. Fournier,* abogado del apelante; *Hon. Procurador Gene-ral Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxi-liar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El 6 de octubre de 1949 un inspector de Sanidad ocupó en el depósito de leche de Pedro Álvarez un envase conteniendo leche, el cual estaba precintado y llevaba adherida una etiqueta con el nombre de José Laguna, dueño de la vaquería de donde procedía el producto, el número de la licencia de dicha vaquería y el grado de la leche. Roto el precinto y tomadas las muestras de rigor, resultó del análisis practicado que el producto había sido adulterado con agua. Acusado José Laguna del delito de adulteración de leche, negó su culpabilidad e introdujo prueba tendiente a demostrar que la leche en cuestión procedía de la vaquería de Rafael Torrech Genovés. A ese efecto, declaró un empleado de Pedro Álvarez que el día de autos recogió el envase conteniendo leche en la vaquería de Torrech; que como éste no tenía etiquetas, al llegar a la finca de Laguna para recibir la leche de su vaquería, le pidió una etiqueta para adherirla al envase procedente de la vaquería de Torrech; que Laguna le dijo que la cogiera, y el testigo tomó una etiqueta conteniendo el nombre de Laguna, el número de su licencia, etc., y la adhirió al envase. El Sr. Torrech sustancialmente declaró que era

dueño de una vaquería, que vendía el producto a Pedro Álvarez y que no tenía precintos ni etiquetas; que él mandaba la leche a Álvarez sin precintos ni etiquetas y que alguien debió adherirlas al envase.

A base de esta evidencia la corte a quo declaró a Laguna culpable y lo sentenció por el delito imputádole. La única cuestión a resolver es si consideradas estas circunstancias erró la corte al no absolver al acusado.

El Reglamento de Sanidad núm. 96, según fué enmendado por el núm. 105 promulgado el 22 de octubre de 1937, en su artículo 49 prescribe:

"Los envases a que se refiere el artículo anterior deberán cerrar herméticamente y tener adheridas etiquetas o rótulos que indiquen con toda claridad el grado de la leche, nombre del expendedor o del establecimiento de donde proviene; su dirección y el número de la licencia que le corresponde. . . ."

El propósito del citado artículo al exigir que los envases conteniendo leche lleven adherida una etiqueta contentiva del nombre del dueño de la vaquería de donde procede, número de su licencia, etc., no es otro que identificar con toda exactitud la persona responsable de cualquier infracción de la Ley o del Reglamento de Sanidad en relación con dicho producto. Consecuentemente, al permitir Laguna que la leche de otra vaquería se identificara como procedente de la suya, asumió la responsabilidad de cualquier infracción que pudiera cometerse en relación con el producto, y no puede luego alegar que la leche no era de su vaquería. *Pueblo* v. *González*, 63 D.P.R. 144. Esto es así, cuando como en el presente caso, se trata de un delito en el cual la intención criminal no es un elemento esencial. *El Pueblo* v. *Calderón*, 17 D.P.R. 484. En consecuencia, no incurrió la corte inferior en el error imputádole.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Snyder no intervino.