EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. VICENTE LÓPEZ PÉREZ, JUEZ, recurrido; LUIS ROMÁN DELGADO, MANUEL MELÉNDEZ AVILÉS y ANTHONY TURSI, interventores.

*Número:* C-66-314 *Resuelto:* 3 de mayo de 1967

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del peticionario; *Nicolás Torres Marrero,* abogado de los interventores.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La única cuestión a resolver en este recurso es si la denuncia jurada contra los interventores contiene una indebida

acumulación de delitos y de acusados. En su parte pertinente dicha denuncia lee textualmente así:

"Los referidos Luis Román Delgado, como dueño y/o administrador del Reno Club y como dueño y/o administrador del hotel en los altos del Reno Club; Manuel Meléndez Avilés, como dueño y/o administrador del hotel en los altos del Reno Club; Marton Inc. y Anthony Tursi, como dueños y/o administradores del Reno Club, allí entonces, de manera ilegal, voluntaria, maliciosa y criminalmente, allá para el 23 y 24 de enero de 1965, y en la calle San Gerónimo esquina Palmeras, San Juan, P.R., violaron lo dispuesto en el Art. 287 del Código Penal de P.R., consistente en que actuando de común acuerdo y en concierto, los primeros operaban una casa de lenocinio en los altos del Reno Club, frecuentado para la prostitución y lascivia y mediante paga de dinero, Marton Inc., Anthony Tursi y Luis Román Delgado, operaban el Reno Club antes mencionado, utilizado para concertar citas deshonestas, siendo el hotel antes mencionado, utilizado y frecuentado por parejas de sexos opuestos, para verificar actos carnales, como consecuencias de las citas concertadas en el Reno Club. Dichos actos carnales se llevan a cabo por prostitutas con hombres desconocidos para ellas, los cuales no son sus maridos, y para fines de lucro."

Sostiene el Procurador General que incurrieron en error tanto el Tribunal de Distrito al dictar resolución ordenando el archivo de la denuncia, como el Tribunal Superior al confirmar la referida resolución. Al efecto argumenta así:

". . . Nada revela dicha denuncia, ni se da a entender expresa ni tácitamente que se intente imputar a los acusados infracción al Artículo 288 del Código Penal. De la denuncia se desprende, de manera palmaria, que el Reno Club se ha venido utilizando y se utiliza para concertar citas deshonestas y que como consecuencia de esas citas allí concertadas, se llevaban a cabo actos de prostitución en los altos del Club Reno que las mismas personas acusadas operaban como hotel. La denuncia simplemente señala el modo en que operaban los acusados, las capacidades en que cada uno de ellos actuaba, el sitio que utilizaban para concertar las citas deshonestas y el sitio en que llevaban a cabo las mismas, todo ello en violación al Artículo 287 del Código Penal.

"La denuncia no imputa a los tres acusados haber cometido conjuntamente dos delitos diferentes, como resolviera el Tribunal Superior. Se les acusa específicamente de haber violado lo provisto en el Artículo 287 del Código Penal, señalando la denuncia la forma en que los acusados, actuando de común acuerdo y en concierto, operaban una casa de lenocinio y lascivia que todos ellos tenían establecida en los altos del Reno Club." (Informe Procurador, pág. 4.)

El Art. 287 del Código Penal (33 L.P.R.A. sec. 1175), por cuya infracción se acusó a los interventores, dispone:

"Toda persona que estableciere o tuviere establecida en Puerto Rico una casa de lenocinio, frecuentada para la prostitución y lascivia, o que voluntariamente residiere en ella, será reo de delito menos grave."

Y el Art. 288 del mismo Código (33 L.P.R.A. sec. 1176), dispone:

"Toda persona que tuviere establecida una casa escandalosa o dedicada a citas deshonestas, o una casa de recreo en la cual habitualmente se perturbare la tranquilidad, bienestar o decoro del inmediato vecindario, o mesón en que se promovieren desórdenes constantemente; o que arrendare cualquiera habitación o casa de vecindad, sabiendo que va a dedicarse a citas deshonestas o a la prostitución, será reo de delito menos grave."

Un cuidadoso estudio de la denuncia y de los dos artículos transcritos anteriormente nos convence de que no le asiste la razón al Procurador General.

En la denuncia se alega que Luis Román Delgado era dueño y/o administrador del "Reno Club" y de un hotel establecido en los altos de dicho Reno Club y que Manuel Meléndez Avilés era dueño y/o administrador de dicho hotel; que Marton Inc. y Anthony Tursi eran dueños y/o administradores del Reno Club. Se alega pues, que Luis Román Delgado, Marton Inc. y Anthony Tursi, eran dueños y/o administradores del Reno Club y que el primero de éstos, Luis Román Delgado, era dueño y/o administrador de un hotel

en los altos del Reno Club, de cuyo hotel era también dueño y/o administrador Manuel Meléndez Avilés.

A todos los acusados se les imputa haber violado el Art. 287 del Código Penal actuando de común acuerdo y en concierto de la manera siguiente: Luis Román Delgado y Manuel Meléndez Avilés operaban una casa de lenocinio en los altos del Reno Club y Marton Inc.

Anthony Tursi y Luis Román Delgado (por haberse alegado que este acusado era también dueño y/o administrador del Reno Club) operaban el referido Reno Club para concertar citas deshonestas como consecuencia de las cuales parejas de sexos opuestos visitaban el hotel en los altos del Reno Club para verificar allí actos carnales.

Como la denuncia imputa a todos los acusados haber actuado de común acuerdo y en concierto, se les acusa a todos de (1) operar una casa de lenocinio en el hotel ubicado en los altos del Reno Club, lo cual constituye una violación del Art. 287 del Código Penal y, (2) operar el Reno Club utilizado para concertar citas deshonestas, lo cual constituye, entre sus varias modalidades, una violación del Art. 288 del mismo Código.

■ No se trata aquí, como arguye el Procurador General, de una denuncia que imputa una violación de ley aunque en formas diferentes, *Pueblo* v. *Palacios*, 66 D.P.R. 961 (1947), ni de la imputación de varios actos que bajo un artículo del Código Penal se penalizan como un delito, *Pueblo* v. *Labrador*, 57 D.P.R. 687 (1940), ni de varios actos relacionados, todos los cuales constituyen un solo delito, *Pueblo* v. *Adorno*, 81 D.P.R. 518, 534 (1959), ni de una serie de actos íntimamente relacionados que conducen a la comisión de un delito principal, aunque algunos de esos actos pudiera aisladamente constituir un delito, *Pueblo* v. *Echavarry et al.*, 28 D.P.R. 6 (1920). Precisamente en el caso de *Adorno*, supra, señalamos a la página 537, que criterios generales para determinar

si uno o más delitos están envueltos o han sido imputados incluyen (1) si los delitos en cuestión están constituidos por elementos diferentes; (2) si los delitos requieren diferente prueba y (3) si las palabras usadas en una acusación indican al sentido común la imputación de un solo delito.

 A la luz de estos criterios es forzoso concluir que en la denuncia radicada en este caso contra los apelantes se les imputa la comisión de los dos delitos definidos en los Arts. 287 y 288 del Código Penal. No hay dudas que uno y otro delito están constituidos por elementos diferentes. Uno de los elementos esenciales del delito estatuido en el Art. 287 es que la casa de lenocinio sea frecuentada para la prostitución y lascivia. Sin embargo, tal elemento no forma parte del delito definido en el Art. 288 cuando la modalidad imputada es la de tener establecida una casa escandalosa o dedicada a citas deshonestas. Por la misma razón ambos delitos, en la indicada modalidad del Art. 288, requieren prueba diferente. No queda probada una violación al Art. 287 con prueba que únicamente demuestre que el acusado tenía establecida una casa dedicada a citas deshonestas (Art. 288), sino que hay que probar además, que la casa era frecuentada para la prostitución o lascivia.

Bajo la denuncia presentada contra los acusados, puede probarse que el hotel en los altos del Reno Club era frecuentado por parejas de sexos opuestos para verificar allí actos carnales, independiente del sitio donde se hubieran concertado las citas o puede probarse que en el Reno Club se concertaban citas deshonestas independientemente del sitio donde las parejas realizaran los actos sexuales.

Por otro lado, la única indicación en la denuncia de que se intentó imputar a los acusados la comisión de un solo delito es la referencia que se hace en la misma al Art. 287 pero las palabras usadas en dicha denuncia no indican al sentido común la imputación de un solo delito.

■ La denuncia viola lo dispuesto en la Regla 37 de Procedimiento Criminal al efecto de que en la misma acusación o denuncia no se podrán imputar dos o más delitos a no ser en cargos por separado para cada uno de ellos y siempre que se trate de delitos cuya acumulación permite la propia Regla. Procedía, a tenor con lo dispuesto en la Regla 64(j) de Procedimiento Criminal, el archivo de la denuncia. En su consecuencia no cometió error el Tribunal Superior al dictar sentencia confirmando la resolución del Tribunal de Distrito ordenando el archivo de la denuncia.

*Se confirmará la sentencia del Tribunal Superior.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Rigau no intervinieron.