EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Nelly Collazo González<br><br>Peticionaria | Certiorari<br><br>2006 TSPR 39<br><br>167 DPR \_\_\_\_ |

Número del Caso: CC-2005-297

Fecha: 17 de marzo de 2006

Tribunal de Circuito de Apelaciones:

Región Judicial de Aibonito Panel XII

Juez Ponente:

Hon. German J. Brau Ramírez

Abogado de la Parte Peticionaria:

Lcdo. Hiram Betances Fradera

Oficina del Procurador General:

Lcda. Sariely Rosado Fernández
Procuradora General Auxiliar

Materia: Infracción Art. 166 del Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                      CC-2005-297      Certiorari

Nelly Collazo González

    Peticionaria

SENTENCIA

San Juan, Puerto Rico a 17 de marzo de 2006.

En el presente caso, se presentó una denuncia contra la Sra. Nelly Collazo González por el delito de apropiación ilegal agravada. La conducta imputada a la señora Collazo González consistía de varios actos mediante los cuales se apropió de distintas sumas de dinero pertenecientes a los clientes de su patrono, el Dr. José Gómez. A pesar de ello, el Ministerio Público sólo imputó la comisión de un delito en virtud de la figura del delito continuado.

Luego de que el foro de instancia determinara causa probable para acusar, la

defensa solicitó la desestimación del cargo presentado en contra de la señora Collazo González. Alegó, en síntesis, que el Ministerio Público incorrectamente consolidó varios delitos ocurridos en fechas distintas. Argumentó también que muchos de los delitos en cuestión eran menos graves ya que las cantidades apropiadas eran menores de $200.00. Conforme a lo anterior, la defensa sostuvo que estos delitos menos graves estaban prescritos pues ya había pasado más de un año desde la comisión de los actos imputados.

El Tribunal de Primera Instancia denegó la solicitud de la señora Collazo González pues consideró que la conducta imputada constituía un delito continuado. Inconforme, la señora Collazo González acudió ante el foro apelativo. Dicho foro denegó expedir el auto solicitado por entender que el Ministerio Público actuó correctamente al imputar un solo delito en lugar de varios delitos. Aún insatisfecha, la señora Collazo González acudió ante nos.

Luego de los procedimientos y trámites de rigor, este Tribunal se encuentra igualmente dividido en cuanto a la correcta resolución del caso de autos. Por lo tanto, se confirma por empate el dictamen del Tribunal de Apelaciones y se devuelve el caso al foro de instancia para que se continúe con los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez emitió Opinión de Conformidad. El Juez Presidente señor Hernández Denton emitió Opinión Disidente a la cual se unen el Juez Asociado señor Rivera Pérez y la Jueza Asociada señora Fiol Matta.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.

                         CC-2005-297

Nelly Collazo González

    Peticionaria


Opinión de conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez


San Juan, Puerto Rico, a 17 de marzo de 2006

Estoy conforme con el resultado de la sentencia dictada por el Tribunal de Apelaciones en el caso de autos, resultado que se confirma mediante la Sentencia que dictamos en el día de hoy al estar igualmente dividido este Tribunal. Entiendo que en este caso, en efecto, se configura un delito continuado al concurrir, conforme los hechos alegados, el elemento subjetivo necesario para la aplicación de dicha figura. Por lo tanto, procedía imputar un solo delito grave basado en la suma total del dinero alegadamente apropiado.

No soy del criterio que los hechos de este caso sólo reflejen una mera resolución general y abstracta de cometer todas las apropiaciones ilegales posibles dentro de determinado marco de tiempo. Concurre en el caso un plan preconcebido para apropiarse ilegalmente de los dineros del perjudicado.

Escribo entonces para exponer mi parecer de que el elemento subjetivo en el delito continuado puede inferirse de la concurrencia del elemento objetivo. Además, debo expresar mi desacuerdo con el criterio propuesto en la Opinión disidente emitida por el Juez Presidente señor Hernández Denton, respecto el requisito de "designio o dolo global" en el delito continuado ya que adopción de esta teoría supone la derogación, *de facto*, de la figura del delito continuado.

I

Es mi opinión que el elemento subjetivo del delito continuado puede inferirse de la presencia del elemento objetivo. En tal sentido, es ilustrativo lo dispuesto por el Tribunal Supremo de España en Sentencia de 12 de enero de 1994, STS de 12-1-1994 (A. 476), sobre cómo se configura el delito continuado. Los hechos en este caso se referían a varios escalamientos acaecidos durante un mismo mes en una misma localidad y en varias residencias --en algunas de las cuales hubo más de un escalamiento. El Tribunal indicó que era "evidente, pues, que concurren los elementos del delito continuado, tanto el objetivo, consistente en la

pluralidad de acciones infractoras del mismo precepto legal penal, como el subjetivo, **relativo a la ejecución por el autor de un plan preconcebido, hecho que se infiere, conforme a las reglas de la lógica y de la experiencia, de diferentes datos plenamente probados como el propio contenido de las acciones, la proximidad tanto temporal como geográfica entre una y otras, así como los semejantes modos de ejecución.**"    (Énfasis nuestro.)

Los hechos imputados en el caso ante nuestra consideración permiten una conclusión en igual sentido.  La acusada en este caso se desempeñaba como secretaria en el consultorio médico del Dr. José Gómez.  Como parte de sus funciones ella recibía los dineros provenientes de los pacientes en pago de los servicios recibidos.  Esto incluía aquellos pacientes a quienes se les había dado la oportunidad de acogerse a un plan de pago por dichos servicios.  Aprovechándose de esta situación, la señora Collazo, se alega, se apropiaba del dinero únicamente en los días y las ocasiones en que los pacientes acogidos al referido plan realizaban pagos en efectivo.[1]

De lo anterior --asumiendo claro está que el Ministerio Público logre probarlo más allá de duda razonable-- se desprende un esquema o designio común y preconcebido de la acusada, quién aprovechándose de estas ocasiones, logra defraudar a su patrono y apropiarse

---

[1] Este esquema dificultaba la detección inmediata de la apropiación.  En total la señora Collazo se apropió, alegadamente, de doce mil dólares ($12,000.00) entre los meses de enero de 2001 a marzo de 2003.

ilegalmente de los dineros que le pertenecían por servicios médicos prestados cuando el pago de esos servicios se efectuaba en efectivo. En resumen, la conducta delictiva imputada va dirigida contra una misma persona, se refiere a un mismo tipo delictivo y refleja una misma unidad de propósito ––defraudar al patrono apropiándose de sus dineros–– configurándose así el delito continuado.

II

Debo expresar además, que no comparto el criterio expresado en la Opinión disidente del Juez Presidente señor Hernández Denton, respecto el concepto de "designio o dolo global" en el delito continuado y lo que ello comprende. Estimo como indiqué, que adoptar tal visión tendría el efecto real de hacer del instituto uno superfluo.

La Opinión disidente propone que para que se configure el delito continuado se requiera que el autor tenga previsto un "resultado global" de suerte que los actos individuales se manifiesten como actos sucesivos en la realización del acto global. Además, se propone que "debe concurrir en el actor una intención que abarque íntegramente el conjunto de acciones constitutivas del hecho de forma que cada acto constituya para él la consecución de un eslabón necesario para lograr obtener un resultado previamente establecido."

Esta visión sobre la naturaleza del dolo global ha suscitado oposición en la doctrina desde dos puntos de vista, a saber: "por la dificultad de afirmar la realidad

de un dolo total, de un lado, y por la dificultad de delimitar en la práctica el dolo conjunto y el plan global, y de otro, por lo criticable que resulta político-criminalmente **beneficiar con una figura como el delito continuado a quien revela una mayor energía criminal**, en el sentido de que el tratamiento privilegiado que suele derivar de la unificación de las plurales acciones en unidad de acción por continuación, supone premiar al delincuente que planifica razonadamente, y en especial a la criminalidad organizada." (Énfasis nuestro.) J. Choclán Montalvo, *El Delito Continuado*, Marcial Pons Ed., Madrid, 1997, págs. 257-258.

El propio Jakobs indica que "[e]l requisito del dolo global privilegia al autor que planea escrupulosamente [. . .] y condena la relación de continuidad a la falta de relevancia en la práctica . . . ., si se toma en serio y no se opera con ficciones." G. Jakobs, *Derecho penal*, Marcial Pons Ed., Madrid, 1997, pág. 1094, núm. 44. También en la doctrina española, J. Antón Oncea en su obra *Derecho penal*, 1986, pág. 500, considera que la unidad de dolo raramente se da en la práctica; indicando que la unidad de dolo es estimable sólo en algunos raros casos.

Precisamente, la profesora Castiñeira señala lo siguiente: "de reducirse la eficacia del delito continuado a los supuestos en que concurre unidad de dolo constituiría una institución superflua, ya que no estaría entonces ante una pluralidad de delitos sino ante un delito único." M.

Castiñeira, *El delito continuado*, Ed. Bosch, Barcelona, 1977, pág. 20. Indica ésta con acierto, que la exigencia de dolo único o global "resulta rechazable por varias razones: es difícilmente concebible un dolo dirigido a la realización de una serie de acciones, cuando para que cada acción sea delictiva debe necesariamente realizarse concurriendo dolo (o en su caso culpa). Si se mantiene que debe tratarse de un dolo único, se equipara el delito continuado a delito único, puesto que se utiliza como elemento de conexión un elemento propio de toda acción delictiva (dolosa). [. . .] Cualquiera que sea la forma en que se configura el dolo único o conjunto, no se explica cómo precisamente por un querer previo comprensivo de todas las acciones, deba tener lugar una atenuación (o, en algunos casos una agravación) de la pena." *Íbid*, págs. 106-107.

Nos parece más apropiado entender la figura del delito continuado y su elemento subjetivo de la forma en que fue descrito por el Tribunal Supremo de España en Sentencia del 26 de enero de 1993 (A. 188). El Tribunal indicó: "La figura del delito continuado puede surgir de un plan preconcebido o del aprovechamiento de idéntica ocasión; y así como en el primer caso el elemento subjetivo exige una unidad de de dolo, concebido como voluntad que abarca desde el primer momento la totalidad del resultado, el segundo --que es el mas frecuente en la práctica-- se emancipa de este nexo subjetivo entre las diversas acciones y se

contenta con que el dolo propio de cada acción sea homogéneo concurriendo —en el plano objetivo—- la realización del mismo o semejante tipo penal y las obligadas conexiones de lugar y tiempo." STS de 26-1-1993 (A. 188). En igual sentido, STS 25-6-1983 (A. 3583); STS 12-1-1994 (A. 476).

En el pasado hemos reconocido las dificultades que entraña establecer una regla fija que permita precisar cuándo un delito es continuo. *Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 639 (1999); *Pueblo v. Cortés Rivera*, 147 D.P.R. 425, 430 (1999). La regla del "designio o dolo global" no es una que goce del favor de un sector importante de la doctrina pues, entre otras razones, hace inoperante el delito continuado. No es una norma que a mi juicio debamos adoptar.

Como hemos indicado en el pasado, el enfoque subjetivo requiere el examen de la intención del autor para determinar si en la serie de actos subsistió un único designio común. *Pueblo v. Colón Mendoza, ante*; *Pueblo v. Carballosa y Balzac*, 130 D.P.R. 842 (1992); *Pueblo v. Tribunal Superior*, 94 D.P.R. 392, 396-397 (1967); *Pueblo v. Adorno*, 81 D.P.R. 518, 536-527 (1959). "La idea es que en la comisión de la cadena delictiva ha[ya] mediado una intención común que aglutina todos los actos." D. Nevares Muñiz, *Derecho Penal Puertorriqueño*, Instituto Desarrollo del Derecho, 3ra ed., 1995, pág. 330.

Siendo ello así, debo concluir que en este caso el Estado imputó un esquema de acción continuo que respondía al designio común de la acusada de aprovechar su posición como secretaria del perjudicado para apropiarse ilegalmente de los pagos efectuados en efectivo por los pacientes del Dr. Gómez y que le pertenecían a éste. Concurre entonces una intención común que aglutina todos los actos; se invocó correctamente las reglas del delito continuado.


                                        Anabelle Rodríguez Rodríguez
                                             Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                            CC-2005-297

    Certiorari

Nelly Collazo González

    Peticionaria

Opinión Disidente emitida por el Juez Presidente señor Hernández Denton a la cual se unen el Juez Asociado señor Rivera Pérez y la Jueza Asociada señora Fiol Matta

San Juan, Puerto Rico a 17 de marzo de 2006.

Hemos decidido emitir el siguiente voto disidente por entender que la conducta imputada a la señora González Collazo consiste en varios actos separados e independientes que no debieron ser consolidados en un solo cargo en virtud de la figura del delito continuado. *Veamos*.

I.

En octubre de 2003 se presentó una denuncia contra la Sra. Nelly Collazo González por el delito de apropiación ilegal agravada, 33 L.P.R.A. sec. 4272. Se le imputó la comisión de varias apropiaciones de pagos en efectivo hechos por los pacientes del Dr. José Gómez

mientras era secretaria de éste. Los referidos actos fueron realizados entre enero de 2001 y marzo de 2003. El valor total de las apropiaciones fue de $12,000. La denuncia radicada en su contra especificaba que se trataba de un solo delito en virtud de la aplicación de la figura del delito continuado ya que su conducta constituía "una violación de la misma disposición legal....en fechas distintas, con el mismo propósito o intención criminal".

Una vez se determinó causa probable para arresto, se celebró la vista preliminar en su contra. Surgió de la prueba desfilada en dicha vista que la señora Collazo González se había apropiado de varios pagos realizados por pacientes del doctor Gómez. Según los recibos presentados en evidencia, algunos de los pagos eran por cantidades de dinero que oscilaban entre $62.95 y $150.00. El Tribunal de Primera Instancia determinó que existía causa probable para acusar a la señora Collazo González y el Ministerio Público procedió a presentar la correspondiente acusación.

Luego de varios trámites procesales, la defensa presentó una moción de desestimación al amparo de la Regla 64(m) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(m). Alegó, en síntesis, que el Ministerio Público consolidó ilegalmente distintos delitos ocurridos en diferentes fechas. Adujo, además, que la mayoría de los delitos en cuestión eran menos graves ya que las cantidades apropiadas eran menores de $200.00. A base de

ello, la señora Collazo González sostuvo que estos delitos estaban prescritos toda vez que había transcurrido el término prescriptivo de un año establecido por el artículo 78 del Código Penal de 1974 para delitos menos graves. 33 L.P.R.A. 3412.

El foro de instancia denegó la moción de desestimación pues estimó que los hechos cometidos constituían un delito continuo ya que obedecían a un esquema general en el cual la intención de apropiarse de los bienes estuvo presente durante todo el tiempo transcurrido entre la comisión del primer delito imputado y el último. Por tal razón, concluyó que el delito por el cual se le acusa a la señora Collazo González es uno grave ya que la suma de todas las apropiaciones es de $12,000. Sostuvo, además, que el delito no estaba prescrito en atención a que el período prescriptivo de cinco años establecido para delitos graves comenzó a correr en marzo de 2003 cuando culminó la última transacción delictiva.

La señora Collazo González acudió mediante *certiorari* al Tribunal de Apelaciones solicitando la revocación de la determinación del foro de instancia. El foro apelativo, mediante un razonamiento similar al del Tribunal de Instancia, denegó la expedición del auto solicitado.

Inconforme, la señora Collazo González acude ante nos solicitando que revoquemos al foro apelativo y

decretemos que las acusaciones radicadas en su contra están prescritas por tratarse de varios delitos menos graves en lugar de un solo delito continuado. Emitimos una orden para mostrar causa por la cual no debíamos revocar el dictamen del Tribunal de Apelaciones.

Este Tribunal, por encontrarse igualmente dividido, confirmó el dictamen del foro apelativo. En vista de que consideramos que en el caso de autos no se satisface el elemento subjetivo necesario para que proceda acudir a las reglas sobre el delito continuado, disentimos.

## II.

El delito continuado consiste en "una pluralidad de actos que aisladamente pudieran concebirse como delitos independientes, pero que en conjunto se conciben como un delito único". Pueblo v. Colón Mendoza, 149 D.P.R. 630, 638 (1999). Al amparo de dicha figura se genera una ficción jurídica destinada a eludir las reglas sobre el concurso real de delitos así como el sistema de cuantías imperante en los delitos contra la propiedad. Pueblo v. Cortés Rivera, 147 D.P.R. 425, 428-429 (1999).

En sus orígenes el delito continuado fue desarrollado para evitar la imposición de la pena de muerte al autor de tres o más hurtos. Id. En vista de que dicha situación no existe actualmente, la necesidad de conservar la figura ha sido cuestionada por numerosos comentaristas. Véase, por ejemplo, a Enrique Bacigalupo, Derecho Penal Parte General 584-585 (Hammurabi, 2ª ed.,

1999). Los críticos señalan que mediante el delito continuado se unifican artificiosamente "una serie de hechos que cumplen con todos los presupuestos de hechos punibles individuales que se deberían sancionar según las reglas del concurso real". *Id.* De otra forma, también se ha señalado que dicha figura puede beneficiar injustamente al autor que decide cometer una multiplicidad de actos delictivos en virtud de un plan preconcebido. *Véase* a Günther Jakobs, Derecho Penal Parte General, a la pág. 1098 (trad. Cuello Contreras, et al, Marcial Pons, 2ª ed,m 1997). Por otro lado, las reglas del delito continuado pueden beneficiar injustamente al Ministerio Público al permitirle imputar la comisión de un delito agravado a pesar de que en realidad se cometieron varios delitos menos graves. Por ello se considera que dicha institución "resulta difícilmente legitimable" y se fomenta limitar lo más posible su ámbito de aplicación. *Id.,* a la pág. 586.

Para que aplique la figura del delito continuado es necesario que concurran varios requisitos tanto subjetivos como objetivos. En cuanto al aspecto subjetivo, hemos señalado que los actos delictivos deben haber sido puestos en movimiento por un sólo impulso y operados por una sola fuerza. Pueblo v. Colón Mendoza, *supra*, a la pág. 638. Se requiere, además, examinar la intención del autor para determinar si durante la serie

de actos cometidos subsistió un único designio común. *Id.,* a la pág. 639.

De lo que se trata, por tanto, es de constatar en el autor una "intención que abarque el hecho globalmente" que "debe comprender el resultado [total] en sus rasgos esenciales...de modo que los actos individuales se presenten sólo como la realización sucesiva de un todo querido unitariamente". Hans Heinrich Jescheck & Thomas Weigend, Tratado de Derecho Penal, a la pág. 771 (trad. Olmedo Cardenete, Comares, 5ª ed., 2002). La mera decisión general de realizar delitos de determinada naturaleza en la oportunidad conveniente no es suficiente. Hans Welzel, Derecho Penal Alemán, a la pág. 268 (trad. Bustos Ramírez et al, Editorial Jurídica de Chile, 4ª ed., 1997). A estos efectos, se ha dicho en el contexto de los delitos patrimoniales, que para que varias estafas constituyan un delito continuado

> el dolo debe haber estado dirigido desde un comienzo a la totalidad de los distintos perjuicios patrimoniales; **no es por ello bastante con una resolución delictiva adoptada de modo general para cometer todas las estafas posibles de una clase determinada o destinada a robar al número mayor posible de viandantes**. Jescheck & Weigend, *supra*, en la pág. 772 (Énfasis nuestro).

En cuanto al aspecto objetivo, se requiere la concurrencia de dos elementos, a saber: (1) identidad de la víctima, e (2) infracción de la misma prohibición. *Véase* la Sentencia del Tribunal Supremo de España del 19 de enero de 1940. *Véase además,* Francisco Muñoz Conde &

Mercedes García Arán, Derecho Penal Parte General 469-470 (Tirant Lo Blanch, 6ª ed., 2004), y Santiago Mir Puig, Derecho Penal Parte General 637 (B de F, 7ª ed., 2004). En el contexto de los delitos patrimoniales, el primer requisito supone que para considerar a las plurales defraudaciones o sustracciones efectuadas como un solo delito de estafa es necesario que todas afecten "al mismo sujeto pasivo". *Id.*

Por último, debemos señalar que la normativa que acabamos de exponer coincide con lo preceptuado por la Asamblea Legislativa en el Código Penal de 2004 ya que ahí se permite acudir a las reglas del delito continuado cuando el actor "con unidad de propósito delictivo" (elemento subjetivo) e "identidad de sujeto pasivo" (elemento objetivo) logra "producir los elementos de un mismo delito" (elemento objetivo). Art. 80 del Código Penal de 2004, Ley Núm. 149 de 18 de junio de 2004.

A la luz del derecho antes expuesto, pasemos a examinar los hechos del presente caso.

### III.

En el caso de autos, el Ministerio Público alega que a la señora Collazo González correctamente se le imputó la comisión de un solo delito en virtud de la figura del delito continuado ya que mediante distintos actos se infringió "la misma disposición legal...con el mismo propósito o intención criminal". No le asiste la razón.

Como ya hemos explicado, la figura del delito continuado aplica sólo cuando la intención del autor alcanza la totalidad del hecho delictivo. Por tanto, debe concurrir en el actor una intención que abarque íntegramente el conjunto de acciones constitutivas del hecho de forma que cada acto constituya para él la consecución de un eslabón necesario para lograr obtener un resultado previamente establecido. Por otro lado, la intención debe estar dirigida desde el principio a la consumación global de una serie de actos concretos y determinados. En virtud de ello, la mera resolución general y abstracta de cometer todas las apropiaciones ilegales posibles dentro de determinado marco de tiempo no satisface el elemento subjetivo que debe estar presente en el delito continuado.

De la prueba contenida en el expediente es forzoso concluir que la señora Collazo González meramente tenía la intención abstracta y general de apropiarse de la mayor cantidad de dinero posible en el mayor número posible de actos independientes. No obstante, carecía de un "designio común" o global que, desde un principio, abarcara concreta y determinadamente la totalidad de los actos fraudulentos que finalmente terminó realizando.[2]

---

[2] Un caso paradigmático en el que concurre el elemento subjetivo del delito continuado es el de un ladrón que decide apropiarse ilegalmente de cada una de las tres hojas que componen una sola pintura (un tríptico) mediante tres actos separados. En estos casos es obvio que existe en el autor un "dolo global" que abarca desde un principio la totalidad del resultado

Por ello, somos del criterio de que no procede acudir a las reglas del delito continuado ya que no concurrió en la señora Collazo González el elemento subjetivo requerido para la aplicación de dicha figura.

Por tal razón, estamos convencidos de que erró el Ministerio Público al imputar un solo delito grave de apropiación ilegal basándose en la suma de la totalidad de las cantidades apropiadas. Por ende, contrario a lo resuelto en la Sentencia emitida por este Tribunal, devolvería el caso al foro de instancia para que determine cuales de los delitos imputados están prescritos por tratarse de múltiples ofensas menos graves en lugar de un solo delito grave.

Federico Hernández Denton
Juez Presidente

---

(obtención de la pintura). Nótese que cada hurto por separado (apropiación de una sola hoja de la pintura) no tiene un valor propio e independiente para el ladrón. El verdadero botín se consigue solo cuando el autor logra apropiarse de las tres hojas.